Patrick Gunn (*Pro Hac Vice* pending)
COOLEY LLP
101 California Street, 5th Floor
San Francisco, California 94111-5800
Telephone:     (415) 693-2070
Facsimile:     (415) 693-2222
Email:          pgunn@cooley.com

Mary O'Grady (011434)
Colin Proksel (034133)
Payslie Bowman (035418)
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
Telephone:     (602) 640-9000
Facsimile:     (602) 640-9050
Email:          mogrady@omlaw.com
Email:          cproksel@omlaw.com
Email:          pbowman@omlaw.com

*Attorneys for Plaintiffs*

*Additional counsel listed on following page*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| D.T., a minor, by and through his parent and next friend Lizette Trujillo; Jane Doe, a minor, by and through her parent and next friend Susan Doe; and Helen Roe, a minor, by and through her parent and next friend Megan Roe,<br><br>           Plaintiffs,<br><br>       v.<br><br>Dr. Cara M. Christ, in her official capacity as State Registrar of Vital Records and Director of the State of Arizona's Department of Health Services; Thomas Salow, in his official capacity as Branch Chief of the State of Arizona's Division of Public Health Licensing Services at the Department of Health Services; and Krystal Colburn, in her official capacity as Bureau Chief and Assistant State Registrar of the State of Arizona's Bureau of Vital Records,<br><br>           Defendants. | Case No. _____<br><br>**JANE DOE AND HELEN ROE'S MOTION TO PROCEED UNDER A PSEUDONYM** |

1  Barrett J. Anderson (*Pro Hac Vice* pending)
   COOLEY LLP
2  4401 Eastgate Mall
   San Diego, California 92121-1909
3  Telephone:    (858) 550-6000
   Facsimile:    (858) 550-6420
4  Email:        banderson@cooley.com

5  Asaf Orr (*Pro Hac Vice* pending)
   NATIONAL CENTER FOR LESBIAN RIGHTS
6  870 Market Street, Suite 370
   San Francisco, California 94102
7  Telephone:    (415) 392-6257
   Facsimile:    (415) 392-8442
8  Email:        aorr@nclrights.org

9  *Attorneys for Plaintiffs*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.  **INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 5.2(e), Plaintiffs Jane Doe and Helen Roe, by and through their respective parents, Susan Doe and Megan Roe, request this Court's leave to proceed using pseudonyms for themselves and their parents to protect their identities from public disclosure.[1]

As discussed below, Jane and Helen meet each element of the Ninth Circuit's standard for allowing a plaintiff to proceed anonymously.  Because Jane and Helen are especially vulnerable to severe harm if required to disclose their identities, their "need for anonymity outweighs" any "prejudice to the opposing party" caused by allowing them to proceed anonymously and "the public's interest in knowing" their identity.  *Publius v. Boyer-Vine*, 321 F.R.D. 358, 361 (E.D. Cal. 2017).

## II.  **ARGUMENT**

The Ninth Circuit permits "parties to use pseudonyms . . . when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment."  *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (cleaned up).  Whether to permit a party to proceed under a pseudonym requires balancing three factors—"(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation"—against "the general presumption that parties' identities are public information."  *Doe v. Ayers*, 789 F.3d 944, 945 (9th Cir. 2015) (quoting *Advanced Textile Corp.*, 214 F.3d at 1068).  "Applying this balancing test, courts have permitted plaintiffs to use pseudonyms . . . when identification creates a risk of retaliatory physical or mental harm" or "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature."  *Advanced Textile Corp.*, 214 F.3d at 1068 (citation omitted).

"[W]hen the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity," that party may proceed

[1] Counsel for Plaintiffs conferred several times with attorneys at the State of Arizona Attorney General's office to request Defendants' position on this Motion.  Defendants did not provide their position.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

JANE DOE AND HELEN ROE'S
MOT. TO PROCEED
UNDER A PSEUDONYM

anonymously.  *Publius*, 321 F.R.D. at 361.  "The decision of whether or not to allow a party to remain anonymous is within" a district court's "discretion and will not be reversed unless the [district c]ourt relies on an erroneous view of the law, makes an erroneous assessment of the evidence, or strikes an unreasonable balance of the relevant factors."  *Id.*

Here, Jane and Helen reasonably fear severe harm in the form of lost privacy, discrimination, and harassment if forced to publicly disclose their names and consequently their transgender identity as part of this litigation.  That disclosure would also undermine the very constitutional interests they seek to safeguard through this litigation.  They are particularly vulnerable to this type of harm as transgender youth.  Defendants will suffer no prejudice by allowing Jane and Helen to proceed anonymously because they do not intend to withhold their identities from Defendants (which will be disclosed under an appropriate protective order) or the Court (which may be disclosed in sealed submissions), and allowing them to proceed anonymously is in the public interest.  As such, the Court should exercise its discretion to grant Jane and Helen, and their parents Susan Doe and Megan Roe, leave to proceed under pseudonyms.[2]

### A.    Jane Doe and Helen Roe reasonably fear severe harm if their identities were to become public.

"In order to proceed anonymously, a plaintiff must show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable."  *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010); *see also id.* (noting that these two showings are "intricately related and should be addressed together").  A harm is sufficiently "severe" to allow a plaintiff to proceed anonymously where she "face[s] greater threats of retaliation than the typical [] plaintiff" in civil litigation would.  *Advanced Textile Corp.*, 214 F.3d at 1070–71 (alterations omitted).  The threatened retaliatory harm does not

---

[2] The Court should also grant Susan Doe and Megan Roe leave to proceed under pseudonyms because identifying them would inexorably expose the identities of their children.  Therefore, Ms. Doe and Ms. Roe should remain anonymous for the same reasons that their daughters, Jane and Helen, warrant the protection of pseudonyms.  *See Doe ex rel. Doe 2 v. Elmbrook Sch. Dist.*, 658 F.3d 710, 724 (7th Cir. 2011), *vacated on other grounds*, 687 F.3d 840, 842–43 (7th Cir. 2012).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

JANE DOE AND HELEN ROE'S
MOT. TO PROCEED
UNDER A PSEUDONYM

need to be physical in nature.  For example, the Ninth Circuit has recognized the loss of privacy "in a matter of [a] sensitive and highly personal nature" as a harm that can necessitate allowing a plaintiff to proceed anonymously.  *Id.* at 1068 (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)); *see also United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980) ("Where it is necessary, however, to protect a person from harassment, . . . ridicule or personal embarrassment, courts have permitted the use of pseudonyms.").  A loss of privacy harm is likely to be especially severe where, as here, the plaintiff is "compelled . . . to disclose information of the utmost intimacy." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981).

Courts "have long recognized that the harms arising from disclosing a person's transgender status are among those that make protection by pseudonym appropriate." *See, e.g.*, *Doe v. Pa. Dep't of Corr.*, No. 19-CV-01584, 2019 WL 5683437, at *2 & nn.12–13 (M.D. Pa. Nov. 1, 2019) (collecting cases); *see also Doe v. City of Detroit*, No. 18-CV-11295, 2018 WL 3434345, at *2 (E.D. Mich. July 17, 2018) ("Several courts have held that an individual's transgender identity can carry enough of a social stigma to overcome the presumption in favor of disclosure.").  This is so because "[t]he excruciatingly private and intimate nature of transsexualism, for persons who wish to preserve privacy in the matter, is really beyond debate." *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999).  Courts also regularly extend this protection to guardians and next kin in cases involving transgender youth.  *See, e.g.*, *Highland Local Sch. Dist. v. U.S. Dep't of Educ.*, No. 2:16-CV-524, 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016); *Doe v. United States*, No. 16-CV-0640-SMY-DGW, 2016 WL 3476313, at *1 (S.D. Ill. June 27, 2016).

Requiring Jane and Helen to disclose their identities as part of this litigation—and, by extension, the fact that they are transgender—will cause severe harm.  Jane was the target of persistent bullying and harassment at school that continued over multiple school years, exacerbated by one student discovering that Jane is transgender by seeing her class's attendance sheet.  (Declaration of Jane Doe ("Jane Decl.") ¶¶ 4–9; Declaration of Susan Doe ("Susan Decl.") ¶¶ 15–19.)  The emotional and academic toll on Jane has been so

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

JANE DOE AND HELEN ROE'S
MOT. TO PROCEED
UNDER A PSEUDONYM

severe that her parents seek to enroll her in a new school so she can once again attend school without everyone knowing she is transgender.  (Jane Decl. ¶ 12; Susan Decl. ¶¶ 19–23.) Helen has also dealt with inappropriate behavior from peers because she is transgender, even though she only six years old.  Helen reported numerous occasions of students asking her inappropriate questions about her body.  (Declaration of Megan Roe ("Megan Decl.") ¶¶ 9–10.)  She is understandably—and entitled to be—private about that information.  (*Id.* ¶ 14.)  Those questions caused her significant discomfort and she remains anxious about others finding out that she is transgender.  (*Id.* ¶¶ 12, 14.)

Having to share that they are transgender and the intimate details of their gender dysphoria in the public record will only exacerbate the emotional distress Jane and Helen already face.  (Susan Decl. ¶ 30; Megan Decl. ¶ 14; Declaration of Dr. Linda Hawkins ("Hawkins Decl.") ¶¶ 37, 42–47; Declaration of Dr. Daniel Shumer ("Shumer Decl.") ¶¶ 28, 47.)  They also fear the response from their peers and members of the public.  (Jane Decl. ¶¶ 13–15; Megan Decl. ¶¶ 12, 14.)  Not only could this information fuel harassment from Jane's classmates, but it would also deny her the opportunity enter a new school where her peers do not know—and cannot reasonably find out—that she is transgender.  (Susan Decl. ¶ 22.)  Helen also worries about her peers' and community's response; after Helen transitioned, she and her family were targeted with harassment and mistreatment by members of their community.  (Megan Decl. ¶¶ 14–15.)  And as a transgender female of color, she is both more likely to experience discrimination and harassment and more likely face its most serious form, physical violence.  (Megan Decl. ¶ 13; Hawkins Decl. ¶ 38.)

Being a party to this lawsuit will also require Jane and Helen to disclose private information about their medical and mental health care, amplifying the importance of proceeding under a pseudonym.  *See Powell*, 175 F.3d at 111 (recognizing "[t]he excruciatingly private and intimate nature of transsexualism"); *Doe v. Blue Cross & Blue Shield of R.I.*, 794 F. Supp. 72, 74 (D.R.I. 1992) (holding transgender "plaintiff's privacy interest is both precious and fragile, and this [c]ourt will not cavalierly permit its invasion").  Because Arizona requires transgender people to undergo certain types of care as a

Cooley LLP
Attorneys at Law
San Francisco

4

JANE DOE AND HELEN ROE'S
MOT. TO PROCEED
UNDER A PSEUDONYM

1    prerequisite to correcting their birth certification, Jane and Helen must provide evidence

2    that they have not—and cannot—meet that requirement.  (Compl. ¶¶ 5, 42–44; Shumer

3    Decl. ¶ 40; Susan Decl. ¶ 25.)  As such, intimate details about their physical and mental

4    health will be in the record and publicly associated with them in perpetuity if they are not

5    allowed to proceed anonymously.  In other words, the type of information that will be at

6    issue at this litigation is "of the utmost intimacy," *Stegall*, 653 F.2d at 185, and thus

7    "anonymity is necessary to preserve privacy in" this matter of a "sensitive and highly

8    personal nature," *Advanced Textile Corp.*, 214 F.3d at 1068 (quoting *James*, 6 F.3d at 238).

9            Moreover, Jane and Helen's fear of lost privacy, discrimination, and harassment is

10   reasonable.  As the Seventh Circuit has observed, "[t]here is no denying that transgender

11   individuals face discrimination, harassment, and violence because of their gender identity."

12   *Whitaker By Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034,

13   1051 (7th Cir. 2017); *Arroyo Gonzalez v. Rossello Nevares*, 305 F. Supp. 3d 327, 333

14   (D.P.R. 2018) (finding that forcing transgender people "to disclose their transgender

15   status . . . . exposes [them] to a substantial risk of stigma, discrimination, intimidation,

16   violence, and danger.").  Numerous studies support the *Whitaker* court's observation.  For

17   example, the *Whitaker* court itself cited a 2011 survey which found that "78% of students

18   who identify as transgender or as gender non-conformant[] report being harassed while in

19   grades K-12."  858 F.3d at 1051 (citing Jaime M. Grant et al., *Injustice at Every Turn: A*

20   *Report of the National Transgender Discrimination Survey*, Nat'l Center for Transgender

21   Equality,         at 33        (2011),         http://www.transequality.org/sites/default/files/

22   docs/resources/NTDS_Report.pdf.).  Likewise, a 2017 national school climate survey found

23   that more than 60% of respondents in Arizona reported verbal harassment based on gender

24   expression and more than a quarter reported experiencing physical harassment and hearing

25   negative remarks about transgender people.  GLSEN, *School Climate in Arizona (State*

26   *Snapshot)*,        at       1       (2019),       https://www.glsen.org/sites/default/files/2019-

27   11/Arizona_Snapshot_2017_2.pdf; *see also*, Sandy E. James et al., *The Report of the 2015*

28   *U.S.   Transgender   Survey*,   at   4   (2016),   https://transequality.org/sites/default/

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

JANE DOE AND HELEN ROE'S
MOT. TO PROCEED
UNDER A PSEUDONYM

1    files/docs/usts/USTS-Full-Report-Dec17.pdf (survey of nearly 28,000 transgender

2    individuals from across the United States found "high levels of mistreatment, harassment,

3    and violence in every aspect of life.").

4          In sum, Jane and Helen reasonably fear discrimination and harassment directed at

5    them and their families if their identities are disclosed to the public.  (Jane Decl. ¶ 15; Susan

6    Decl. ¶¶ 30–31; Megan Decl. ¶¶ 14–15.)  The attendant loss of privacy will also cause Jane

7    and Helen significant psychological harm and distress if the intimate details of their medical

8    and mental health care are connected to them in publicly available documents.  (Hawkins

9    Decl. ¶ 42; Susan Decl. ¶¶ 22–26, 30; Megan Decl. ¶¶ 12, 14.)

10         **B.    Transgender youth, like Jane and Helen, are particularly vulnerable to**

11              **harm from the disclosure of their identities.**

12         "[T]he anonymous party's vulnerability to" the harm they fear is a third factor a court

13   considers in determining whether proceeding anonymously is appropriate.  *Ayers*, 789 F.3d

14   944, 945.  Jane and Helen are particularly vulnerable to the harm they fear for two reasons:

15   their young age and, as discussed above, unlike most litigants, transgender individuals are

16   a target of pervasive harassment and discrimination in our society.  *See* Section II.A, *supra*.

17   Recognizing that many state laws "shield[] the identities of child-litigants from public

18   disclosure in certain circumstances, . . . the youth of" plaintiffs is often "a significant factor

19   in the matrix of considerations arguing for anonymity."  *Stegall*, 653 F.2d at 186 (finding

20   the plaintiffs' youth to be an "especially persuasive" factor justifying anonymity); *see also*

21   *Al Otro Lado, Inc. v. Nielsen*, No. 17-CV-02366-, 2017 WL 6541446, at *5 (S.D. Cal. Dec.

22   20, 2017) ("[C]hild-plaintiffs are deemed to be especially vulnerable, warranting their

23   anonymity.").  That Jane and Helen belong to two groups that are particularly vulnerable to

24   harm weighs strongly in favor of anonymity in this case.

25         **C.    Proceeding under a pseudonym is essential to safeguarding the rights**

26              **that Jane and Helen seek to protect in this litigation.**

27         Denying Jane and Helen's request to proceed pseudonymously would also have the

28   paradoxical effect of destroying the very constitutional interests they seek to vindicate as

Cooley LLP
Attorneys at Law
San Francisco

6

JANE DOE AND HELEN ROE'S
MOT. TO PROCEED
UNDER A PSEUDONYM

plaintiffs in this litigation.  Courts have consistently permitted parties asserting privacy claims to proceed pseudonymously.  *See, e.g.*, *Doe v. Alaska*, No. 96-35873, 1997 WL 547941, at *1 (9th Cir. Aug. 9, 1997); *U.S. Dep't of Justice v. Utah Dep't of Commerce*, No. 16-cv-611, 2017 WL 963203, at *1 (D. Utah Mar. 20, 2017); *M.J. v. Jacksonville Hous. Auth.*, No. 11-cv-771, 2011 WL 4031099, at *3 (M.D. Fla. Sept. 12, 2011).  Here, Jane and Helen filed this lawsuit to vindicate their constitutional right to privacy, among other constitutional rights.  (Compl. ¶¶ 6, 79–100.)  Forcing them to proceed by their real names would undermine the relief Jane and Helen seek though this litigation by disclosing their transgender status—the very information they are entitled to keep private.

**D.    Allowing Jane and Helen to proceed anonymously will not prejudice Defendants and is in the public interest.**

Courts must balance the factors in favor of anonymity against the prejudice that a defendant might suffer as a result and determine whether allowing the plaintiff to proceed anonymously serves the public interest.  *Ayers*, 789 F.3d at 945; *Publius*, 321 F.R.D. at 361.  The defendant's knowledge of the plaintiff's identity "lessens" any claims the defendant can make that it is "prejudiced by the use of pseudonyms." *Advanced Textile*, 214 F.3d at 1069 n.11, because this knowledge gives a defendant "the information [it] need[s] to defend against the claims" brought against it, *Al Otro Lado, Inc.*, 2017 WL 6541446, at *6.

Additionally, though the public has a "right to open courts," it also "has an interest in seeing" cases involving important issues "decided on the merits."  *Kamehameha Sch.*, 596 F.3d at 1042–43 (quoting *Advanced Textile*, 214 F.3d at 1073).  In these cases, "permitting plaintiffs to use pseudonyms" can "serve the public's interest in th[e] lawsuit by enabling it to go forward." *Advanced Textile*, 214 F.3d at 1073.  This is especially true in cases "[w]here a plaintiff attacks governmental activity, for example a governmental policy or statute," because "[i]n such circumstances the plaintiff presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of his rights." *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) (citation omitted).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

JANE DOE AND HELEN ROE'S
MOT. TO PROCEED
UNDER A PSEUDONYM

1    Here, Jane and Helen do not object to revealing their identity to Defendants under

2  an appropriate protective order and thereby giving Defendants the information they need to

3  defend against the claims in this suit.  As such, Defendants will not be prejudiced if Jane

4  and Helen are permitted to proceed anonymously.  *See Advanced Textile*, 214 F.3d at 1069

5  n.11.   Similarly, because Jane and Helen are challenging Arizona's requirements for

6  correcting the gender marker on birth certificates that effectively exclude them from

7  obtaining an accurate birth certificate, there is a public interest in the "vindication" of their

8  rights and in seeing this case "decided on the merits."  *See Kamehameha Sch.*, 596 F.3d at

9  1043; *N.Y. Blood Ctr.*, 213 F.R.D. at 111.

10  **III.   CONCLUSION**

11    Because Plaintiffs Jane Doe and Helen Roe are especially vulnerable to severe harm

12  in the form of "harassment, . . . ridicule or personal embarrassment," *Advanced Textile*

13  *Corp.*, 214 F.3d at 1067–68, their "need for anonymity outweighs" any "prejudice to the

14  opposing party" or "the public's interest in knowing" his identity, *Publius*, 321 F.R.D.

15  at 361.  The Court should grant them and their parents leave to proceed under pseudonyms.

16    Respectfully submitted this 4th day of November, 2020.

17    OSBORN MALEDON, P.A.

18     s/Colin M. Proksel
19    Mary O'Grady (011434)
    Colin Proksel (034133)
20    Payslie Bowman (035418)
    OSBORN MALEDON, P.A.
21    2929 North Central Avenue, 21st Floor
    Phoenix, Arizona 85012-2793
22    Telephone:  (602) 640-9000
    Facsimile:  (602) 640-9050
23    Email:      mogrady@omlaw.com
    Email:      cproksel@omlaw.com
24    Email:      pbowman@omlaw.com

25    Asaf Orr (*Pro Hac Vice* pending)
    NATIONAL CENTER FOR LESBIAN
26    RIGHTS
    870 Market Street, Suite 370
27    San Francisco, California 94102
    Telephone:  (415) 392-6257
28    Facsimile:  (415) 392-8442
    Email:      aorr@nclrights.org

Cooley LLP
Attorneys at Law
San Francisco

8

**Jane Doe and Helen Roe's
Mot. to Proceed
Under a Pseudonym**

1

Patrick Gunn (*Pro Hac Vice* pending)
COOLEY LLP

2

101 California Street, 5th Floor
San Francisco, California 94111-5800

3

Telephone:  (415) 693-2070
Facsimile:  (415) 693-2222

4

Email:       pgunn@cooley.com

5

Barrett J. Anderson (*Pro Hac Vice* pending)
COOLEY LLP

6

4401 Eastgate Mall
San Diego, California 92121-1909

7

Telephone:  (858) 550-6000
Facsimile:  (858) 550-6420

8

Email:       banderson@cooley.com

9

*Attorneys for Plaintiffs*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JANE DOE AND HELEN ROE'S
MOT. TO PROCEED
UNDER A PSEUDONYM