IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| D.T., et al. | ) | No. CV 20-484-TUC-JAS |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) | |
| Dr. Cara M. Christ, et al. | ) ) | |
| Defendants. | ) ) ) | |

*AFTER ALL PARTIES HAVE BEEN SERVED AND HAVE ANSWERED THE COMPLAINT, PLAINTIFF(S) SHALL FILE A MOTION INDICATING THAT ALL DEFENDANTS HAVE FILED ANSWERS SUCH THAT THE CASE IS READY TO PROCEED TO THE NEXT STEP IN THE LITIGATION (i.e., an Order requiring a Joint Report from the parties and a Scheduling Order).  <u>As parties often voluntarily exchange information and have discussions potentially leading to settlement early in the case (without Court intervention), the Court will await this motion from plaintiff(s) before issuing an Order calling for a joint case management report and case management conference.</u>

**Communication with the Court**

To avoid the appearance of impropriety by the Court or the parties and to preserve a proper record in the event of any appeal, all communication with the Court shall occur via a written motion filed into the official docket. The parties shall not contact the Court's staff (i.e., Law Clerks or the Judicial Assistant) telephonically or by e-mail to ask questions or

express concerns regarding cases pending before the Court, and the Court has directed its staff not to entertain any such informal communication. While the parties may give the Court's staff a courtesy call to give them notice of an emergency motion, settlement, or last-minute stipulation to adjust deadlines, all other communication with the Court shall occur via a written motion. For example, if there is a discovery dispute, the parties shall not contact the Court telephonically to resolve the dispute; the parties shall file a motion in compliance with the Local Rules if they are unable to resolve the dispute.

**Dispositive Motions**

The parties must comply with LRCiv 12.1(c) in regards to motions to dismiss. *See* LRCiv 12.1(c) ("No motion to dismiss for failure to state a claim or counterclaim, pursuant to Federal Rule of Civil Procedure 12(b)(6), or motion for judgment on the pleadings on a claim or counterclaim, pursuant to Federal Rule of Civil Procedure 12(c), will be considered or decided unless the moving party includes a certification that, before filing the motion, the movant notified the opposing party of the issues asserted in the motion and the parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party. The movant may comply with this rule through personal, telephonic, or written notice of the issues that it intends to assert in a motion. A motion that does not contain the required certification may be stricken summarily."). If any Defendant files a motion to dismiss under Rule 12(b)(6) or 12(c) and if Plaintiff contends any further amendment of the Complaint can cure any alleged deficiency, Plaintiff must submit, no later than the time Plaintiff files a response to a motion to dismiss, a proposed amended complaint containing all further allegations Plaintiff could make. In the event a motion to dismiss is granted in any part, no leave will be granted to amend the Complaint beyond what is offered in that proposed amended complaint.

A party filing a dispositive motion shall file only one dispositive motion which incorporates all relevant arguments. The dispositive motion shall be limited to 17 pages as required by LRCiv 7.2(e); responses are limited to 17 pages and replies are limited to 11

pages. See LRCiv 7.2(e).[1] Parties are prohibited from simultaneously filing multiple dispositive motions directed at separate counts or issues in a case. While it is proper to file one motion to dismiss early in the litigation and one motion for summary judgment after discovery has been completed, it is not proper to simultaneously file multiple motions to dismiss or multiple motions for summary judgment directed to separate counts or issues. The parties should raise all of their arguments for dismissal in one motion to dismiss as early as possible in the case, and raise all of their arguments for dismissal in one motion for summary judgment after discovery has closed. The Court views the filing of such multiple motions as an attempt to subvert the Local Civil Rules establishing page limits which encourage the parties to be concise in their arguments; if necessary, the parties may seek leave to exceed page limits to include all of their arguments in one motion to dismiss or one motion for summary judgment. Furthermore, filing successive motions to dismiss or motions for summary judgment after the Court has already resolved such a motion is extremely inefficient and often causes long and unnecessary delays as a case is essentially halted during the period between the filing of a dispositive motion and the Court's ultimate ruling on a dispositive motion after it has been fully briefed. If a party files a successive motion to dismiss or motion for summary judgment after such a motion has been resolved by the Court, the successive motion to dismiss or motion for summary judgment will likely be summarily denied as a motion for reconsideration. The Court also notes that if a party files an early

---

[1] The Court notes that all motions and filings must comply with the Local Rules, and non-compliant filings may be disregarded or stricken as an attempt to subvert the Local Rules which encourage the parties to be concise in their arguments. See LRCiv 7.1(b)(1)("The body of all documents shall be typed, double-spaced and shall not exceed 28 lines per page; they shall not be single-spaced . . . All pleadings, motions and other original documents filed with the Clerk shall be in a fixed-pitch type size no smaller than . . . 10 letters per inch . . . or in a proportional font size **no smaller than 13 point**, including any footnotes. Pages of the document must be numbered. The left margin shall not be less than 1 ½ inches and the right margin shall not be less than ½ inch.)(emphasis added). <u>Requests to exceed page limits (whether in the form of a motion, unopposed motion, or stipulation) will likely be denied, and as such, the parties should plan to be concise in their arguments and comply with the Local Rules on page limits and formatting.</u> *See* LRCiv 7.2(e), 7.1(b)(1).

1 summary judgment motion before discovery has closed, the Court will likely grant an
2 opposing party's request to complete necessary discovery to properly oppose the motion; in
3 such circumstances, the early motion for summary judgment would be denied without
4 prejudice pending completion of necessary discovery.  In light of the foregoing, the parties
5 should strive to include all of their arguments in one motion to dismiss early in the case and
6 one motion for summary judgment upon the close of discovery.

**Proposed Orders, Paper Copies, Exhibits, Authority Binders, and Emailing Documents**

The parties must file a proposed order with any motion or stipulation filed with the Court and such documents must comply with the applicable requirements in the local rules. *See*, *e.g.*, LRCiv 5.4, 5.5, 7.1, 7.2; Electronic Case Filing Administrative Policies and Procedures Manual in the United States District Court for the District of Arizona ("Manual").  All proposed orders must be emailed to chambers (soto_chambers@azd.uscourts.gov) in either Word or Word Perfect format. *See id.*; Manual at 12-13 (describing pertinent e-filing procedures in detail).  In addition, if a motion is opposed, the opposing party shall file and email to chambers a proposed order denying the motion.  To the extent the parties file any motions, responses, or replies as to substantive matters (such as motions for: injunctive relief, to dismiss, for summary judgment, to compel, sanctions, etc.), the parties shall email Word or Word Perfect copies of the motions, responses, or replies to chambers.  Lastly, the parties shall also email Word or Word Perfect copies of any separate statement of facts in support of, or in opposition to, summary judgment or other dispositive motions.

Paper copies of all filings must be mailed (except as noted below) to chambers (LRCiv 5.4); any motion, pleading, or other document which is submitted with more than one exhibit must be accompanied by a Table of Contents and the exhibits must be indexed with tabs which correspond to the Table of Contents. Anytime a party files a motion, response, reply, or other brief with the Court, the party must mail the Court paper copies of all authority cited in the brief which shall be included in a binder with a table of contents and exhibit tags corresponding to the authority cited.  Such authority includes, but is not limited to, case law, rules, statutes, regulations, and treatises.  To the extent case law, rules, statutes, or

1 regulations are cited, the entire case, rule, statute or regulation shall be included in the binder.
2 The case law shall be organized in alphabetical order. To the extent treatises are cited, only
3 the section(s) relied upon shall be included in the binder. As to all of the authority cited
4 which must be included in the binder, the parties shall also tag (with a post-it) the specific
5 page(s) cited in their briefs and highlight (by circling with a pen or using a highlighter) the
6 portion of the case, rule, statute, regulation, or treatise that supports the citations of authority
7 relied upon in their briefs. Within seven days after a document is filed, the parties shall
8 provide the Court with paper copies in strict compliance with this Order and file a notice that
9 they have strictly complied with the requirements in this Order; failure to timely file this
10 required notice will be viewed as a party's admission that they have failed to comply with this
11 Court's Order.[2] If an emergency motion is filed (including, but not limited to, a motion for
12 a temporary restraining order, preliminary injunction, emergency stay, or other motion that
13 warrants expedited action) that requires more immediate attention from the Court, the parties
14 shall provide the required paper copies no later than one business day (or sooner if possible)
15 after the motion, response or reply is filed pertaining to any emergency motion. If a party
16 fails to submit the required authority binder and other paper copies required by this Order[3],
17 the Court may summarily deny or grant a motion as applicable to the party that failed to
18 comply with this Order, and the Court may dismiss the case with prejudice or enter a default
19 judgment as to the non-complying party.[4]

---

[2]The parties are not required to provide paper copies of stipulations and unopposed motions to continue, and need not provide authority binders as to stipulations and unopposed motions to continue.

[3]On rare occasions, the Court may find it necessary to issue an Order before the deadline to the submit the required binders expires; in these circumstances, the binder requirement becomes moot, and the parties are not required to submit binders.

[4]As to pro se parties, the Court notes that the full text of most legal authority is available via numerous internet sites, including Google Scholar (http://scholar.google.com/), which is available to the public and completely free. In addition, most legal authority can be found and copied for a limited charge in various libraries located in most cities such as the law libraries located at the University of Arizona College of Law and the various courthouses in Pima County. Legal authority

1    Plaintiffs shall serve a copy of this Order on Defendants at the same time they serve the
2 Summons and Complaint; if these have already been served on Defendants prior to Plaintiffs
3 receiving this Order, Plaintiffs shall serve this Order on Defendants within 14 days of the
4 filing date of this Order. Within 7 days of serving this Order on Defendants, Plaintiffs shall
5 file a notice with the Court indicating when Defendant was served with this Order. If all
6 parties have already been served and entered an appearance into the record, Plaintiff need not
7 serve this Order as they will receive either a Notice of Electronic Filing through CM/ECF
8 or a paper copy (for pro se parties) of this Order through the Clerk of the Court.

Dated this 4th day of November, 2020.

*[signature]*

Honorable James A. Soto
United States District Judge

---

28   can also be found and printed out for a limited charge at sites such as westlaw.com and lexis.com.