# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| D.T., et al., | No. CV-20-00484-TUC-JAS |
| Plaintiffs, | **ORDER** |
| v. | |
| Cara M. Christ, et al., | |
| Defendants. | |

The Court has reviewed Plaintiff Jane Doe's motion for a preliminary injunction. *See* Doc. 3. Plaintiff's motion states that Jane Doe will be returning to in-person school in January of 2021 when winter break ends, but the motion does not give a specific date as to when school will resume in-person for Jane Doe. The Court needs a specific date from Plaintiff such that the Court can properly determine dates for a briefing schedule and an evidentiary hearing.

IT IS HEREBY ORDERED as follows:

(1) By no later than noon on 11/5/20, Plaintiff shall file a notice with the Court indicating the specific date that Jane Doe will be returning to in-person school in January of 2021; the Court will issue an Order as to a briefing schedule and evidentiary hearing after receiving Plaintiff's notice.

(2) Due to COVID-19, start dates for school are a constantly moving target; as such, Plaintiff shall continuously monitor the start date for her school, and shall immediately file a notice with the Court if the start date for her school changes.

(3) Plaintiff shall serve Defendants a copy of all the filings in this case by no later than 11/5/20 and immediately file a notice with the Court indicating when Defendants were served.

(4) The motion to proceed under a pseudonym (Doc. 2) is granted - Jane Doe and Helen Roe, and their parents and next friends, Susan Doe and Megan Roe, may proceed using pseudonyms.

(5) The Court is disinclined to issue a decision based only a written record (even if stipulated by the parties). Counsel for the parties shall be prepared to offer in-person testimony as to any witnesses that are offering substantive information that is disputed. Hearing live testimony under oath (subject to both direct and cross-examination, and direct questions from this Court) will allow this Court to more thoroughly assess credibility and any other evidence at issue.[1] If it is impossible to appear in-person, or good cause otherwise exists to allow some other form of appearance, the parties shall arrange for a video appearance (if that is not possible, then a telephonic appearance will be permitted). Any counsel that will be conducting direct or cross-examination shall appear in-person at the evidentiary hearing. The parties shall keep these issues in mind as the litigation proceeds towards an evidentiary hearing as to the motion for a preliminary injunction. Counsel for Plaintiff and Defendants shall confer as soon as possible to determine the identity of any witnesses who will testify at the evidentiary hearing, the subject matter of the testimony any witnesses will offer, and approximately how many days the evidentiary hearing will last.

Dated this 4th day of November, 2020.

Honorable James A. Soto
United States District Judge

---

[1] Credibility of witness testimony often involves issues relating to the opportunity and ability to see or hear or know the things testified to, the clarity of memories, the manner while testifying, any interest in the outcome of the case, any bias or prejudice, whether other evidence contradicted the testimony, the reasonableness of the testimony in light of all the evidence, and any other factors that impact believability.