1  MARK BRNOVICH
   ARIZONA ATTORNEY GENERAL
2  Firm State Bar No. 14000
   Patricia Cracchiolo LaMagna (Bar No. 021880)
3  Aubrey Joy Corcoran (Bar No. 025423)
   Assistant Attorneys General
4  Education and Health Section
   2005 N. Central Avenue
5  Phoenix, Arizona 85004
6  Telephone:(602) 542-8854
   Fax:(602) 542-8308
7  EducationHealth@azag.gov

8  STRUCK LOVE BOJANOWSKI & ACEDO,
   PLC
9  Daniel P. Struck (Bar No. 012377)
   Nicholas D. Acedo (Bar No. 021644)
10 Dana M. Keene, (Bar No. 033619)
   3100 West Ray Road, Suite 300
11 Chandler, Arizona 85226
   Telephone: (480) 420-1600
12 dstruck@strucklove.com
   nacedo@strucklove.com
13 dkeene@strucklove.com

14 *Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| D.T., a minor, by and through his parent and next friend Lizette Trujillo; et al., | No. 4:20-cv-00484-JAS |
| Plaintiffs, | DEFENDANTS' REQUEST FOR DIRECTION ON PLAINTIFFS' PROPOSED SECOND AMENDED COMPLAINT |
| v. | AND |
| Dr. Cara Christ, M.D., et al., | MOTION TO POSTPONE BRIEFING RE: MOTION TO DISMISS AMENDED COMPLAINT |
| Defendants. | |
| | **[Expedited Briefing and Ruling Requested]** |

Amid briefing on Defendants' Motion to Dismiss the Amended Complaint, Plaintiffs lodged a Second Amended Complaint that *adds twelve claims*. Defendants are unsure how to proceed; no matter what they do, Plaintiffs' posthumous proposed amendments will result in additional delay, briefing, and expenditure of resources. Defendants therefore request direction on how *the Court* would like to proceed. Defendants further request the Court to postpone the remaining briefing on Defendants' pending Motion to Dismiss until that directive is given.

To simplify the briefing process and conserve judicial resources, Defendants propose that Plaintiffs' Second Amended Complaint be filed and that Defendants be permitted to respond to that complaint instead of continuing to address a complaint that will be superseded. Although Defendants disagree that Plaintiffs' Second Amended Complaint cures all the deficiencies set forth in Defendants' Motion to Dismiss (Dkt. 56), the Second Amended Complaint, in addition to adding new claims that need to be addressed, potentially moots or alters some of Defendants' arguments. It therefore would be futile for Defendants to continue to argue (and require the Court to decide) arguments that might be resolved by the Second Amended Complaint. It is more judicious to file the Second Amended Complaint now and allow Defendants to make all relevant arguments in a single motion to dismiss.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   Background.**

Plaintiffs are five transgender children and their parents who are challenging the constitutionality of A.R.S. § 36-337(A)(3) and A.A.C. R9-19-208(O).[1] Plaintiffs have filed an original Complaint (Dkt. 1) and an Amended Complaint (Dkt. 47). The Amended Complaint raises four constitutional claims[2] against three Defendants: Dr. Cara Christ

---

[1] A.R.S. § 36-337(A)(3) requires the state register to amend a person's birth certification upon receiving an application and a written statement by a physician that verifies that the person has undergone a "sex change operation or has a chromosomal count that establishes the sex of the person as different than in the registered birth certificate." A.A.R. R9-19-208(O) explains the application process.

[2] The constitutional claims are: Count I - equal protection; Count II - due process

(State Registrar of Vital Records and Director of the Arizona Department of Health Services); Thomas Salow (Branch Chief of the Division of Public Health Licensing Services); and Krystal Colburn (Assistant State Registrar and Bureau Chief of the Bureau of Vital Records). (*Id.*, ¶¶ 19-21, 121-144.) The Defendants are sued in their official capacities only. (*Id.*)

Prior to filing the Motion to Dismiss, counsel for Defendants and Plaintiffs met and conferred pursuant to Local Rule 12.1(c) regarding the adequacy of the allegations in the Amended Complaint. (Dkt. 56 at 26.) Relevant here, Defendants identified two deficiencies: (1) the claims against Defendants Salow and Colburn are duplicative of the claims against Defendant Christ because all three are sued in their official capacities only, and therefore, they amount to three identical claims against the State of Arizona, *see Hafer v. Melo*, 502 U.S. 21, 25 (1991) (official-capacity claims are the functional equivalent of a suit against the State); and (2) the request for nominal damages is invalid because the State is entitled to Eleventh Amendment immunity and neither the State nor state officials acting in their official capacities are "persons" within the meaning of 42 U.S.C. § 1983 for purposes of damages. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Defendants asked Plaintiffs to dismiss all claims against Defendants Thomas and Colburn and to dismiss their request for nominal damages or to propose curative amendments. (Ex. 1.) Plaintiffs refused to do either. (*Id.*)

Defendants then filed their Motion to Dismiss. (Dkt. 56.) In response to the deficiencies noted above, Plaintiffs asserted that they are "easily cured" by amendments they propose in a Second Amended Complaint attached as an exhibit to their Response. (Dkt. 61 at 9-10; Dkt. 61-1.) The proposed amendments included adding claims against all three Defendants in their *individual* capacities. (Dkt. 61-1, ¶¶ 19-21.) By adding these individual-capacity claims, they contend that Defendants' duplication argument is moot,

---

"right to privacy"; Count III - due process "right to individual liberty and autonomy"; Count IV - due process "right to choose whether to undergo a particular medical treatment."

and that they may now recover nominal damages.  (Dkt. 61 at 10 & n.4.)  Plaintiffs make a cursory request in the body of their Response to amend their Amended Complaint by filing their Second Amended Complaint.  (*Id*. at 10.)

## II.     The Court Should Instruct How the Parties Are to Proceed.

If Plaintiffs believed that they could have cured their pleading deficiencies, they should have done so by filing their Second Amended Complaint *before* Defendants filed their Motion to Dismiss.  Instead, they circumvented Local Rule 12.1(c), and waited until after Defendants filed their Motion, only to acknowledge the deficiencies Defendants had identified and seek leave to amend.  Such unfortunate maneuvering is problematic in and of itself.  The purpose of Local Rule 12.1(c) is to avoid briefing on motions to dismiss unless necessary, not to generate unnecessary briefing.

Nonetheless, by adding individual-capacity claims against Defendants Christ, Thomas, and Colburn, they have added twelve new claims to this lawsuit (four constitutional claims asserted against the three Defendants in their individual capacities). Defendants are entitled to move to dismiss those new claims, but because Plaintiffs have merely proposed them in their Second Amended Complaint, Defendants must now wait for the Court to rule on the Motion to Dismiss the Amended Complaint and, if leave is granted, move to dismiss those claims in the Second Amended Complaint.  Successive rounds of briefing are not only inefficient, but prohibited by the Court:

> The parties should raise all of their arguments for dismissal in one motion to dismiss as early as possible in the case. ... Furthermore, filing successive motions to dismiss … after the Court has already resolved such a motion is extremely inefficient and often causes long and unnecessary delays as a case is essentially halted during the period between the filing of a dispositive motion and the Court's ultimate ruling on a dispositive motion after it has been fully briefed.

(Dkt. 7 at 3.)  Plaintiffs forced this dilemma on Defendants.

After Plaintiffs filed their Response and proposed Second Amended Complaint, the parties conferred about how to proceed.  (Exhibit 1.)  Defendants proposed that Plaintiffs file their Second Amended Complaint now (with Defendants' consent) and Defendants

4

would file a new motion to dismiss that included all their arguments, including those against the new claims, in one motion. That would avoid not only further briefing on the pending Motion to Dismiss but also the delay associated with a second round of briefing after the Court rules on the pending Motion. Plaintiffs proposed a round of supplemental briefing now that addressed the adequacy of Plaintiffs' new claims. Defendants considered that proposal, but after further consideration, it is unworkable. The Second Amended Complaint has not been filed. Thus, any briefing and arguments on the proposed claims would be theoretical and any ruling advisory.

Plaintiffs' decision to propose a Second Amended Complaint after the parties conferred on the adequacy of their Amended Complaint and Defendants filed their Motion to Dismiss will—unfortunately—cause some delay. Defendants continue to believe that the most efficient way forward is for Plaintiffs to file their Second Amended Complaint now (with Defendants' consent) and for Defendants to file a new motion to dismiss that addresses both the old and the new claims. But they will follow the Court's preference.

**III.    The Court Should Postpone Defendants' Reply.**

Defendants' Reply in support of their Motion to Dismiss Amended Complaint is currently due by May 10, 2021. Defendants respectfully request the Court to postpone that deadline while it decides how to move forward.[3] Alternatively, Defendants request to extend the deadline until seven days after the Court's ruling on this Motion.

**IV.    Conclusion.**

For these reasons, Defendants request this Court's direction on how it would like to proceed with Defendants' pending Motion to Dismiss Amended Complaint and Plaintiffs' proposed Second Amended Complaint. Defendants further request this Court to postpone the deadline to file Defendants' Reply in support of their Motion to Dismiss.

---

[3] Plaintiffs agreed to extend the Reply deadline to May 17, 2021, but that does not resolve the issues pertaining to the Second Amended Complaint and the associated successive briefing.

DATED this 10th day of May, 2021.

                        STRUCK LOVE BOJANOWSKI & ACEDO, PLC

                        By   /s/ Nicholas D. Acedo
                              Daniel P. Struck
                              Nicholas D. Acedo
                              Dana M. Keene
                              3100 West Ray Road, Suite 300
                              Chandler, Arizona 85226

                              MARK BRNOVICH
                              ATTORNEY GENERAL
                              Patricia Cracchiolo LaMagna
                              Aubrey Joy Corcoran

                              *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 10, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants.

                                      /s/ Nicholas D. Acedo