IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lizette Trujillo, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Cara M Christ, et al.,<br><br>　　　　Defendants. | No. CV-20-00484-TUC-JAS<br><br>**ORDER** |

The Court has reviewed the request/motion appearing at Doc. 63.

The Court will not rule on the motion until Plaintiffs have had an opportunity to respond; Plaintiffs shall file a response by no later than **5/18/21**; **if the parties can reach a stipulation, they should file a stipulation and proposed order (in lieu of a response) by 5/18/21 (or some other stipulated date)**.  Unless otherwise ordered by the Court, no reply is permitted.

The deadline for Defendants to file a reply as to their original motion to dismiss (Doc. 56) is **stayed** pending a decision by the Court as to Doc. 63.

The Court has no comment on Doc. 63 and otherwise makes no judgments in this case as to the parties and claims in this case; the Court only views Doc. 63 as an opportunity to provide suggestions to the parties as to how they may reach a stipulation that is beneficial for both sides.

The Court notes that its default position in any case is to proceed in the most practical and efficient way possible and to avoid unnecessary briefing, multiple amended complaints, and supplements cross-referencing prior amended complaints, briefs or evidence connected to previously filed documents.  The Court's preference is to have one final amended complaint that forms the basis of the case going forward, and if applicable, to have only one motion to dismiss, one response, and one reply (and no supplemental briefing and potential looming amended complaint that supersedes everything in any

1  event).

2  Thus, if a proposed amended complaint arises in conjunction with a response to a motion to dismiss, the Court normally issues a very brief Order denying the motion to dismiss without prejudice, and directing a plaintiff to file a final amended complaint (whether it's the proposed one attached to an opposition) or whether it's a wholly new amended complaint that differs from the one attached to the response to the motion to dismiss.  In light of the foregoing preferences that the Court has in any case, the parties may be able to reach a stipulation on how to proceed which the Court will presumably adopt.  For example, in any case, the parties could stipulate to all of the following: (a) a pending motion to dismiss and a related pending motion for guidance from the Court be denied as moot, (b) plaintiff provide a copy of a proposed final amended complaint to defendant within 14 days; (c)  over the next 14 days, the parties can discuss any potential deficiencies as to that proposed amended complaint to see if they can reach agreement on anything to streamline any agreeable issues which would be incorporated into the final amended complaint; (d) plaintiff files an amended complaint within 7 days after the parties have exhausted their discussions; and (e) if timeframes suggested by the Court do not work for the parties (whether due to other work obligations, or personal obligations such as family vacations, health issues, child care demands when kids are out of school for the summer, etc.), the parties could stipulate to better deadlines that work for the parties which the Court would likely adopt.

Dated this 11th day of May, 2021.

Honorable James A. Soto
United States District Judge