Patrick Gunn (admitted *Pro Hac Vice*)
COOLEY LLP
101 California Street, 5th Floor
San Francisco, California 94111-5800
Telephone:  (415) 693-2070
Facsimile:  (415) 693-2222
Email:      pgunn@cooley.com

Mary O'Grady (011434)
Colin Proksel (034133)
Payslie Bowman (035418)
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
Telephone:  (602) 640-9000
Facsimile:  (602) 640-9050
Email:      mogrady@omlaw.com
Email:      cproksel@omlaw.com
Email:      pbowman@omlaw.com

*Attorneys for Plaintiffs and Proposed Class*
Additional counsel listed on following page

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| D.T., a minor, by and through his parent and next friend Lizette Trujillo; Jane Doe, a minor, by and through her parent and next friend Susan Doe; Helen Roe, a minor, by and through her parent and next friend Megan Roe; James Poe, a minor by and though his parent and next friend Laura Poe; and Carl Voe, a minor by and though his parent and next friend Rachel Voe,<br><br>Plaintiffs,<br><br>v.<br><br>Dr. Cara M. Christ, in her official capacity as State Registrar of Vital Records and Director of the Arizona Department of Health Services; Thomas Salow, in his official capacity as Branch Chief of the Division of Public Health Licensing Services at the Arizona Department of Health Services; and Krystal Colburn, in her official capacity as Bureau Chief and Assistant State Registrar of the Bureau of Vital Records at the Arizona Department of Health Services,<br><br>Defendants. | Case No. 4:20-cv-484-JAS<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR DIRECTION AND MOTION TO POSTPONE BRIEFING** |

1  Barrett J. Anderson (admitted *Pro Hac Vice*)
   COOLEY LLP
2  4401 Eastgate Mall
   San Diego, California 92121-1909
3  Telephone:    (858) 550-6000
   Facsimile:    (858) 550-6420
4  Email:        banderson@cooley.com

5  Asaf Orr (admitted *Pro Hac Vice*)
   NATIONAL CENTER FOR LESBIAN RIGHTS
6  870 Market Street, Suite 370
   San Francisco, California 94102
7  Telephone:    (415) 392-6257
   Facsimile:    (415) 392-8442
8  Email:        aorr@nclrights.org

9  *Attorneys for Plaintiffs and Proposed Class*

## I. INTRODUCTION

Plaintiffs respectfully file this response to Defendants' request/motion at Doc. 63, as provided by the Court's order on May 11, 2021. (Doc. 64.) Because Defendants declined multiple offers to meet and confer about their anticipated new arguments, Plaintiffs are unable to advise the Court about the "most practical and efficient way" to proceed with respect to the proposed Second Amended Complaint, as requested by the Court. (*Id.* at 1.) Plaintiffs thus propose a different, but still expeditious, way forward.

Plaintiffs and the putative class who they represent are transgender people in Arizona, including many children. As their communities, schools, and activities return to normal following the COVID-19 pandemic, they will require corrected birth certificates that list an accurate sex marker or they will once again be denied the countless opportunities and face the numerous harms described in the complaint. Therefore, to avoid protracted litigation over a minor question that does not bear on whether Defendants are violating Plaintiffs' constitutional rights—specifically, whether nominal damages are recoverable for those violations—Plaintiffs withdraw the proposed Second Amended Complaint and further streamline the case by voluntarily dismissing D.T. and Jane Doe as Plaintiffs and Thomas Salow and Krystal Colburn as Defendants. Because Defendants' only basis for seeking to re-brief their pending motion to dismiss is thereby mooted, the Court should lift the stay and direct them to file a reply brief no later than May 25, 2021.

## II. RELEVANT BACKGROUND

Plaintiffs filed this case on November 4, 2020, alleging that Defendants are violating the Fourteenth Amendment by enforcing an Arizona law requiring that Plaintiffs undergo invasive surgery before being allowed to use the state's private administrative process to correct their birth certificates to accurately reflect their sex. (Doc. 1.) That same day, Plaintiff Jane Doe filed a motion for a preliminary injunction seeking a corrected birth certificate because she needed to enroll in a new school to escape the severe bullying she experienced during in-person schooling. (Doc. 3.) The parties resolved Jane Doe's motion through a stipulated agreement. (Docs. 39 & 40.) The parties also agreed that Plaintiffs

would file an amended complaint by January 8, 2021, and Defendants would have 30 days to file a responsive pleading. (Doc. 42.) The Court adopted that schedule. (Doc. 43.)

Plaintiffs filed their amended complaint on schedule, alleging the same constitutional violations against the same named Defendants, and adding two plaintiffs and a putative class. (Doc. 47.) Because Jane Doe had received a corrected birth certificate as part of this litigation, the amended complaint alleged that she had suffered a completed constitutional violation and sought nominal damages. (*Id.* at 31.) Similarly, while Plaintiff D.T. had not yet received an amended birth certificate, in reliance on Defendants' representation that he would, he also joined the nominal-damages claim. (*Id.*)

Defendants then sought an additional month-long extension—until March 10, 2021—to file their motion to dismiss, to which Plaintiffs consented. (Doc. 50.) With respect to D.T.'s and Jane Doe's nominal-damages claim, Defendants' motion asserted that "nominal damages are not recoverable against Defendants, who are sued only in their official capacities." (Doc. 56 at 6.) Plaintiffs filed their opposition brief on April 23, 2021, and contended that this alleged defect could be cured by amending the operative complaint to also sue the current Defendants in their personal capacities. (Doc. 61 at 7–8.) Consistent with the Court's Case Management Order, (Doc. 7 at 2), Plaintiffs submitted with their brief a proposed Second Amended Complaint containing the modest changes that would cure that alleged deficiency, (Doc. 61-1). Those proposed changes would have resulted only in Plaintiffs suing Defendants in both their official and personal capacities; Plaintiffs named no new parties and alleged no new causes of action.

On April 27, 2021, Defendants requested a one-week extension for their reply brief, to which Plaintiffs consented. (Ex. A at 1.) Three days later, on April 30, a different attorney for Defendants sent a different proposal, now stating that they would "rais[e] new arguments in [their] reply" as a result of the proposed Second Amended Complaint (although counsel did not identify what those "new" arguments would be), and requesting that Plaintiffs file the proposed amended pleading so that Defendants could "re-move to dismiss [it]." (Doc. 63-1 at 4–5.) Plaintiffs disagreed that an entirely new round of briefing

on every argument advanced by Defendants—even those unrelated to the proposed amended allegations—was equitable, efficient, or warranted, but nevertheless proposed various ways that the parties could address any "new" arguments without unnecessary delay and prejudice. (*Id.* at 1–4.) Defendants declined all those proposals. (*Id.* at 1.)

Instead, on May 10, 2021 (the day their reply brief was due), Defendants filed a motion requesting that the Court allow them to re-brief all their arguments anew while their motion to dismiss is still pending. The sole basis for this request is that Plaintiffs submitted the proposed Second Amended Complaint. (Doc. 63 at 1.)[1] The next day, the Court stayed the deadline for Defendants to file a reply brief, provided Plaintiffs an opportunity to respond, and suggested a stipulation between the parties for how to proceed. (Doc. 64.)

Following the Court's order, Plaintiffs' counsel reached out to Defendants' lawyers and three times requested a phone call to discuss the Court's suggested stipulation, Defendants' anticipated "new" arguments, and how the parties could proceed most efficiently. (Ex. B.) Defendants' counsel refused each time. (*Id.*) Additionally, Plaintiffs' counsel noted that Arizona schools are reopening and at least one of the named Plaintiffs will require an amended birth certificate before returning to in-person classes, and thus requested to discuss with Defendants an agreement "like the one that the parties reached for Jane Doe." (*Id.* at 4.) Defendants also declined that request. (*Id.* at 2.) It is in this context that Plaintiffs file this response.

## III. ARGUMENT

This case centers on the ongoing constitutional violations caused by Defendants' continued enforcement of the Arizona law barring transgender young people, and any other transgender person who has not or cannot undergo surgery as part of their transition, from using the state's private administrative process to amend the sex listed on their birth certificates. (*See, e.g.*, Doc. 47, ¶¶ 1–8; Doc. 61 at 1.) This straightforward case, once past

---

[1] Defendants also assert that Plaintiffs "circumvented Local Rule 12.1(c)." (*Id.* at 4.) However, Local Rule 12.1(c) requires a conference, which occurred here. It does not state that, should a plaintiff later determine that an amendment could cure an alleged deficiency asserted in a motion to dismiss, the plaintiff is barred from proposing one.

the motion-to-dismiss stage, should not take long to resolve. For example, as the Court previously observed, Defendants do not appear to dispute the key facts; including, for example, that transgender young people are harmed by inaccurate identity documents and that amending their birth certificates is "vital to their mental and physical well-being." (Doc. 28 at 2–3.) Consequently, the "most practical and efficient way" forward is for the Court to address Defendants' pending motion to dismiss and free the case to proceed.

Defendants' demand to re-brief their entire motion to dismiss over the minor question of whether they should be required to pay purely symbolic money damages for their alleged constitutional violations is not practical, equitable, or efficient. Plaintiffs propose a different way. While they believe that D.T.'s and Jane Doe's nominal-damages claim is meritorious, they are also aware that maintaining it as part of this litigation would delay resolution of the injunctive and declaratory relief claims. Transgender people all over Arizona need access to the state's private administrative process to correct the sex listed on their birth certificates, especially young people who are enrolling or participating in in-person classes and activities that were previously suspended for the pandemic. For that reason, Plaintiffs are willing to streamline their case to avoid any further delay, and therefore withdraw their proposed Second Amended Complaint filed at Doc. 61-1.

To the same end, Plaintiffs also voluntarily dismiss four parties from the operative complaint. Plaintiffs no longer seek nominal damages in this action, so D.T. and Jane Doe may be dismissed. Additionally, in reliance on Defendants' representation that a remedy against Defendant Christ in her official capacity is sufficient to fully redress the alleged constitutional violations, (Doc. 56 at 24), Plaintiffs also voluntarily dismiss Salow and Colburn as Defendants. No new amended complaint is required because a plaintiff is permitted to voluntarily dismiss parties from the case without prejudice under Federal Rule of Civil Procedure 41(a)(1), so long as the opposing party has not "serve[d] either an answer or a motion for summary judgment." *See Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993) (holding Rule 41(a)(1) was "designed to permit a disengagement of the parties

at the behest of the plaintiff . . . in the early stages of a suit" (quoting *Armstrong v. Frostie Co.*, 453 F.2d 914, 916 (4th Cir. 1971)).  Just so here.

With no proposed amendment at hand and no nominal-damages claim remaining, there is no need to revisit any of the prior briefing on Defendants' pending motion to dismiss; it will be ripe for the Court's consideration as soon as they file their reply brief. The Court should thus lift its stay and direct Defendants to file a reply brief no later than May 25, 2021, which is one week from today and more than a month after Plaintiffs filed their opposition brief on April 23.

## IV.  **CONCLUSION**

For the reasons above, Plaintiffs respectfully request that the Court lift its stay and direct Defendants to file their reply brief no later than May 25, 2021.

Respectfully submitted,

Dated: May 18, 2021                OSBORN MALEDON, P.A.

  /s/   Colin M. Proksel
Mary O'Grady (011434)
Colin Proksel (034133)
Payslie Bowman (035418)
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
Telephone:  (602) 640-9000
Facsimile:   (602) 640-9050
Email:        mogrady@omlaw.com
Email:        cproksel@omlaw.com
Email:        pbowman@omlaw.com

Asaf Orr (admitted *Pro Hac Vice*)
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, California 94102
Telephone:  (415) 392-6257
Facsimile:   (415) 392-8442
Email:        aorr@nclrights.org

Patrick Gunn (admitted *Pro Hac Vice*)
COOLEY LLP
101 California Street, 5th Floor
San Francisco, California 94111-5800
Telephone:  (415) 693-2070
Facsimile:   (415) 693-2222
Email:        pgunn@cooley.com

Barrett J. Anderson (admitted *Pro Hac Vice*)
COOLEY LLP
4401 Eastgate Mall
San Diego, California 92121-1909
Telephone:  (858) 550-6000
Facsimile:   (858) 550-6420
Email:         banderson@cooley.com

*Attorneys for Plaintiffs and Proposed Class*