IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Helen Roe, et al., | No. CV-20-00484-TUC-JAS |
| Plaintiffs, | **ORDER** |
| v. | |
| Don Herrington, | |
| Defendant. | |

Pending before the Court is Plaintiffs' motion to compel (Doc. 121) and Defendant's motion to compel (Doc. 122). On 7/13/22, the Court held a hearing on the pending motions; at the hearing, the Court also ordered the parties to continue to confer and to submit a report by 8/15/22 addressing whether further consultation resolved any continuing disputes. Upon review of the parties' motions, responses, replies, attachments and related discovery filings, legal authority, transcript of the hearing, and the parties' 8/15/22 reports, IT IS ORDERED as follows:

(1) Plaintiffs' motion to compel is granted. Defendant shall provide responses to Plaintiffs' Interrogatory Nos. 1 and 9 through 16 and produce documents responsive to Plaintiffs' Requests for Production Nos. 14 through 17[1]; Defendant

---

[1] The Court notes that the interrogatories and requests for production at issue seek information as to whether the ADHS has any justification for implementing and enforcing the surgical requirement in A.R.S. § 36-337(A)(3) and related regulations, and ADHS policies and processes about corrections to Arizona birth certificates; this information is relevant to both Defendant's potential defenses (such as justifications for the surgical requirement) and Plaintiffs' claims pursuant to the Equal Protection and Due Process Clauses of the 14th Amendment. In addition, information about ADHS policies and processes as to corrections is relevant to Plaintiffs' claims that Defendant treats transgender

shall serve supplemental responses to the above listed interrogatories and requests for production within 60 days of the filing date of this Order. As to ESI, the Court finds that Plaintiff's proposed search parameters (reflected in the motion to compel briefing/attachments) are appropriate and will lead to relevant information; as such, Defendant shall apply Plaintiffs' proposed search parameters and disclose any responsive, nonprivileged ESI resulting from Plaintiffs' proposed search parameters. The Court is aware of the fact that Plaintiffs have continued to work with Defendant to attempt to narrow search terms due to the pure volume of information reflected in Defendant's hit reports, and this process has continued up until the filing of the parties 8/15/22 reports. Even based on Plaintiffs' most recently narrowed search parameters (with a time frame of 2017 to the present), Defendant states: "The total page number for all documents was estimated at approximately 740,000. It is estimated that there are at least 100,000+ pages of excel spreadsheets, which puts the total number of pages at well over 800,000 . . . There is a discrepancy between the 49,556 documents that were pulled, and the 43,174 documents with their families that contain applicable search terms. For unknown reasons, 6,382 documents did not contain any search term at all. The Litigation Support Group believes this is due to ADHS's imprecise collection tool but is analyzing this issue further. If those 6,382 documents are removed, it is estimated that the total number of pages will be approximately 436,202, although this still does not account for excel spreadsheet pages. The estimated total number of pages is in the 500,000 range." Doc. 135 at p. 9. To narrow the voluminous volume of ESI information that Defendant must review and disclose, Defendant shall only search for the most recently proposed ESI search parameters that Plaintiffs' proposed (that

---

individuals differently (i.e., a more burdensome process to change their birth certificate) than non-transgender individuals. Defendant's arguments for refusing to fully respond to this discoverable information (i.e., such as relevance as this is only a facial challenge case, the wrong defendant, attorney mental impressions/legal conclusions/privilege, conceding the surgical requirement is discriminatory, etc.) are unpersuasive and are rejected.

- 2 -

Defendant incorporated into their 8/15/22 report), exclude the 6,382 documents that did not contain any search terms, and shall limit the time frame from only 5/1/19 to 5/1/22.[2] All depositions shall occur within 30 days of the expiration of the discovery deadline set above. Defendant's response to the motion for class certification is due within 30 days of the conclusion of the last deposition. If the parties can reach agreements on different search parameters and time frames to further reduce the volume of ESI, they are free to submit a stipulation and proposed order memorializing their agreements. Further, if the parties can reach agreements on different deadlines, they are free to submit a stipulation and proposed order.[3]

(2) Defendant's motion to compel is granted in part and denied in part. To the extent Defendant's motion seeks school, medical, and social media records, Defendant's motion is denied. Plaintiffs are only bringing a facial challenge in this case, and are not seeking any damages whatsoever (such as emotional distress damages); as such, the school, medical, and social media records at issue are not relevant.[4] As to Lizette Trujillo, the Court would grant Defendant's motion to the extent Defendant wishes to discover the underlying basis for Trujillo's statements that are not based on her personal knowledge (i.e., where she is repeating statements or information relayed to her by someone else, or relaying the results of polls). Trujillo does not appear to have any expertise in

---

[2] Given the volume of information, the Court finds that approximately three years (as opposed to Plaintiffs' approximate five year time frame – 2017 to present) of the ESI in question is an adequate time frame that balances Plaintiffs' need for relevant information versus reducing the burden on Defendant in reviewing and disclosing such a large volume of discoverable information.

[3] The Court notes that there appears to be some unproductive animosity between Plaintiffs and Defendant in this case. *See* Doc. 151-1. The Court encourages the parties to continue to confer and cooperate to hopefully avoid future discovery disputes.

[4] To the extent Defendant asserts that this information is relevant as to standing, the Court has already found that Plaintiffs have standing and has already rejected Defendant's arguments as to standing. The Court notes that to the extent that there was any misunderstanding as to whether Plaintiffs were asserting an as-applied challenge, it is now clear that Plaintiffs are exclusively asserting a facial challenge; as all participants in this litigation must be able to rely on the fact that this is only a facial challenge case to properly proceed in this case, the Court will not allow any as-applied challenges in this case.

- 3 -

polling, gathering demographic information, or have specialized medical or psychological expertise in regards to transgender children and their families. The Court, however, need not compel Plaintiffs to disclose this information because the issue is moot for at least two reasons. First, in evaluating the motion to certify the class in the future, the Court would not consider any information in Trujillo's declaration that is not based on her personal knowledge (i.e., the Court would not consider any polling information or information where she is repeating statements and information relayed to her by someone else). Furthermore, during the hearing on 7/13/22, Plaintiffs stated that if the Court was inclined to allow discovery into the identities of the people involved in AZTYPO, SAGA, and Families Transformed (which the Court would be inclined to allow if it was not moot), Plaintiffs would withdraw Trujillo's declaration. In light of the foregoing, the Court considers Trujillo's declaration withdrawn, and it will not be considered in relation to the motion to certify. In any event, the Court notes that Trujillo's declaration was submitted in support of only the numerosity issue, but Plaintiffs nevertheless appear to have demographic information (separate from Trujillo's declaration) to rely on to support numerosity in this case.

Dated this 18th day of August, 2022.

Honorable James A. Soto
United States District Judge