1  Patrick Hayden (*Pro Hac Vice*)
   COOLEY LLP
2  55 Hudson Yards
   New York, New York 10001-2157
3  Telephone:  (212) 479-6000
   Facsimile:  (212) 479-6275
4  Email:      phayden@cooley.com

5  Jessica Taylor (*Pro Hac Vice*)
   COOLEY LLP
6  10265 Science Center Drive
   San Diego, California 92121-1117
7  Telephone:  (858) 550-6000
   Facsimile:  (858) 550-6420
8  Email:      jtaylor@cooley.com

9  Mary O'Grady (011434)
   Colin Proksel (034133)
10 Payslie Bowman (035418)
   OSBORN MALEDON, P.A.
11 2929 North Central Avenue, 21st Floor
   Phoenix, Arizona 85012-2793
12 Telephone:  (602) 640-9000
   Facsimile:  (602) 640-9050
13 Email:      mogrady@omlaw.com
   Email:      cproksel@omlaw.com
14 Email:      pbowman@omlaw.com

15 *Attorneys for Plaintiffs and the Class*

16 Additional counsel listed on following page

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Helen Roe, a minor, by and through her parent and next friend Megan Roe; et al., | Case No. 4:20-cv-00484-JAS |
| Plaintiffs, | **PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION AND FINAL JUDGMENT** |
| v. | |
| Jennie Cunico, in her official capacity as State Registrar of Vital Records and Director of the Arizona Department of Health Services, | |
| Defendant. | |

1  Rachel Berg (*Pro Hac Vice*)
   NATIONAL CENTER FOR LESBIAN RIGHTS
2  870 Market Street, Suite 370
   San Francisco, California 94102
3  Telephone:   (415) 343-7679
   Facsimile:   (415) 392-8442
4  Email:       rberg@nclrights.org

5  *Attorneys for Plaintiffs and the Class*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I. INTRODUCTION

Pursuant to Rules 58 and 65 of the Federal Rules of Civil Procedure and the Court's Order re: Joint Stipulation Regarding Briefing Schedule for Parties' Motions for Summary Judgment (Dkt. 228), Plaintiffs hereby move for a permanent injunction and entry of final judgment. Specifically, Plaintiffs request that the Court permanently enjoin Defendant from requiring that an individual first undergo "a sex change operation" as a prerequisite to changing the sex on their birth certificate through the private administrative process under Arizona Revised Statutes § 36-337(A)(3) and its implementing regulation, Arizona Administrative Code R9-19-208(O). Plaintiffs also request the Court enter final judgment in Plaintiffs' favor.

## II. BACKGROUND

The Arizona Department of Health Services (ADHS), through the Bureau of Vital Records, is solely responsible for registering, issuing, correcting, amending, and maintaining Arizona birth certificates. *See* A.R.S. § 36-302; (Dkt. 279 at 2). As State Registrar of Vital Records and Director of the ADHS, Defendant is accountable for executing these responsibilities. *See e.g.,* A.R.S. §§ 36-302, 36-321(A), 36-323(A).

Arizona law provides a private administrative process for transgender individuals to change the sex listed on their birth certificate. *See* A.R.S. § 36-337(A)(3); (Dkt. 279 at 2). However, for transgender applicants to use the process, A.R.S. § 36-337(A)(3) and its implementing regulation Ariz. Admin. Code R9-19-208(O) require the individual to have first "undergone a sex change operation" (the "Surgical Requirement"). Transgender individuals who undergo the statutorily mandated surgical operation may then submit a

confidential amendment application to ADHS with a physician's letter that "verifies" the surgical procedure. A.R.S. § 36-337(A)(3); (Dkt. 279 at 2.). If accepted, ADHS is required to grant the amendment and seal the record such that it is not accessible to the public. (Dkt. 279 at 2.) Importantly, minor children are not eligible to undergo surgery and, thus, are ineligible for an amendment using this private administrative process. (*Id.* at 2–3.)

Plaintiffs are a class of all transgender individuals born in Arizona, now and in the future, who seek to change the sex listed on their birth certificate but have not undergone a "sex change operation" as treatment for their gender dysphoria. (Dkt. 214 at 2.) Plaintiffs challenged the Surgical Requirement's constitutionality because it excludes them from using Arizona's private administrative process to change the sex on their birth certificate.

On August 20, 2024, the Court granted Plaintiffs' Motion for Summary Judgment and declared that the Surgical Requirement was unconstitutional because it violated Plaintiffs' rights under the Equal Protection Clause and the Due Process Clause—specifically, the right to privacy, the right to liberty and autonomy, and the right to choose to undergo a particular medical treatment. (Dkt. 279.)

Pursuant to the Court's Order re: Joint Stipulation Regarding Briefing Schedule for Parties' Motions for Summary Judgment (Dkt. 228), Plaintiffs now move for a permanent injunction enjoining Defendant from requiring that Plaintiffs first undergo a sex change operation as a prerequisite to using the private administrative process to change the sex on their birth certificate.

III. **ARGUMENT**

To obtain a permanent injunction, a prevailing plaintiff must satisfy a four-factor test by demonstrating: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The third and fourth factors merge when the government is the party opposing the injunction. *Galvez v. Jaddou*, 52 F.4th 821, 831 (9th Cir. 2022). Plaintiffs easily satisfy all four factors.

*First*, Plaintiffs have suffered an irreparable injury. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (citation omitted). As the Court held in its Order granting Plaintiffs' Motion for Summary Judgment, the Surgical Requirement violates Plaintiffs' rights under the Equal Protection and Due Process Clauses of the Constitution. (Dkt. 279 at 13.) Accordingly, Plaintiffs have established that they have suffered irreparable injury.

*Second*, Plaintiffs' irreparable injuries cannot be adequately remedied through monetary damages. *See Edmo v. Corizon, Inc.*, 935 F.3d 757, 798 (9th Cir. 2019) (quoting *Nelson v. NASA*, 530 F.3d 865, 882 (9th Cir. 2008)) ("[C]onstitutional violations cannot be adequately remedied through damages and therefore generally constitute irreparable harm."). Money damages will not remedy Plaintiffs' inability to obtain accurate birth certificates.

*Third*, as previously discussed, when an injunction is sought against a governmental entity, the public interest and balance-of-the-hardships factors merge. *Galvez*, 52 F.4th at 831; *Nken v. Holder*, 556 U.S. 418, 435–36 (2009). Here, the public interest weighs heavily in favor of granting a permanent injunction because "it is always in the public interest to prevent the violation of a party's constitutional rights." *Melendres*, 695 F.3d at 1002 (citation omitted).

The balance of equities also favors Plaintiffs. A permanent injunction will not cause Defendant hardship because, as a government official, she "cannot suffer harm from an injunction that merely ends an unlawful practice." *Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013). In contrast, Plaintiffs face significant current and ongoing harm. As previously discussed, the Court has already ruled that the Surgical Requirement violates Plaintiffs' constitutional rights. (Dkt. 279.) Furthermore, as the Court discussed in its Order granting Plaintiffs' motion for summary judgment, every time Plaintiffs use inaccurate birth certificates, they risk disclosing private medical information and exposing their transgender status, which in turn risks their well-being when participating in everyday activities. (*Id.* at 3–5, 10–12.) In particular, the Named Plaintiffs have shared episodes of violence, discrimination, and harassment due to involuntary outings of their transgender status. (*Id.* at 5) Therefore, both the public interest and the balance of the equities here favor a permanent injunction.

## IV.   CONCLUSION AND REQUEST FOR RELIEF

For the foregoing reasons, Plaintiffs respectfully request that the Court permanently enjoin Defendant from requiring that an individual first undergo "a sex change operation"

as a prerequisite to changing the sex on their birth certificate through the private administrative process under A.R.S. § 36-337(A)(3) and its implementing regulation, Ariz. Admin. Code R9-19-208(O).

Plaintiffs also respectfully request that the Court order Defendant to comply with the Court's orders within 60 days and that the Court retain jurisdiction over this case to ensure Defendant's compliance. Plaintiffs further request that the Court schedule a status conference within 60 days of its ruling on this Motion for Defendant to report on what she has done to comply with the Court's decisions.

Finally, Plaintiffs respectfully request that the Court enter final judgment in Plaintiffs' favor pursuant to Rule 58 of the Federal Rules of Civil Procedure.

. . .

. . .

| | |
|---|---|
| 1  Dated: January 15, 2024 | OSBORN MALEDON, P.A. |
| 2 | |
| 3 | s/*Payslie M. Bowman*<br>Mary R. O'Grady (011434)<br>Colin M. Proksel (034133) |
| 4 | Payslie M. Bowman (035418)<br>OSBORN MALEDON, P.A. |
| 5 | 2929 North Central Avenue, 21st Floor<br>Phoenix, Arizona 85012-2793 |
| 6 | Telephone:  (602) 640-9000<br>Facsimile:   (602) 640-9050 |
| 7 | Email:        mogrady@omlaw.com<br>Email:        cproksel@omlaw.com |
| 8 | Email:        pbowman@omlaw.com |
| 9 | Rachel Berg (*Pro Hac Vice*)<br>NATIONAL CENTER FOR LESBIAN |
| 10 | RIGHTS<br>870 Market Street, Suite 370 |
| 11 | San Francisco, California 94102<br>Telephone:  (415) 343-7679 |
| 12 | Facsimile:   (415) 392-8442<br>Email:        rberg@nclrights.org |
| 13 | |
| 14 | Patrick Hayden (*Pro Hac Vice*)<br>COOLEY LLP |
| 15 | 55 Hudson Yards<br>New York, New York 10001-2157 |
| 16 | Telephone: (212) 479-6000<br>Facsimile:  (212) 479-6275 |
| 17 | Email:        phayden@cooley.com |
| 18 | Jessica L. Taylor (*Pro Hac Vice*)<br>COOLEY LLP |
| 19 | 10265 Science Center Drive<br>San Diego, California 92121-1909 |
| 20 | Telephone: (858) 550-6000<br>Facsimile:  (858) 550-6420 |
| 21 | Email:        banderson@cooley.com<br>Email:        jtaylor@cooley.com |
| 22 | |
| 23 | *Attorneys for Plaintiffs and the Class* |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION AND FINAL JUDGMENT**