1  Patrick Hayden (*Pro Hac Vice*)
   COOLEY LLP
2  55 Hudson Yards
   New York, New York 10001-2157
3  Telephone:    (212) 479-6000
   Facsimile:    (212) 479-6275
4  Email:        phayden@cooley.com

5  Jessica L. Taylor (*Pro Hac Vice*)
   COOLEY LLP
6  10265 Science Center Drive
   San Diego, California 92121-1117
7  Telephone:    (858) 550-6000
   Facsimile:    (858) 550-6420
8  Email:        phayden@cooley.com
   Email:        jtaylor@cooley.com
9
   Mary R. O'Grady (011434)
10 Colin M. Proksel (034133)
   Payslie M. Bowman (035418)
11 OSBORN MALEDON, P.A.
   2929 North Central Avenue, Suite 2000
12 Phoenix, Arizona 85012
   Telephone:    (602) 640-9000
13 Facsimile:    (602) 640-9050
   Email:        mogrady@omlaw.com
14 Email:        cproksel@omlaw.com
   Email:        pbowman@omlaw.com
15
   *Attorneys for Plaintiffs and the Class*
16
   Additional counsel listed on following page
17

18            **UNITED STATES DISTRICT COURT**
              **FOR THE DISTRICT OF ARIZONA**
19

20 Helen Roe, a minor, by and through her      Case No. 4:20-cv-00484-JAS
   parent and next friend Megan Roe; et al.,
21                                              **PLAINTIFFS' RESPONSE TO SPEAKER**
              Plaintiffs,                       **MONTENEGRO'S AND PRESIDENT**
22                                              **PETERSEN'S BRIEF OF** *AMICI CURIAE*
              v.
23
   Jennie Cunico, in her official capacity as
24 State Registrar of Vital Records and
   Director of the Arizona Department of
25 Health Services,

26            Defendant.

27

28

                              **PLAINTIFFS' RESPONSE TO BRIEF**
                                        **OF** *AMICI CURIAE*

Rachel Berg (*Pro Hac Vice*)
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, California 94102
Telephone:     (415) 343-7679
Facsimile:     (415) 392-8442
Email:     rberg@nclrights.org

*Attorneys for Plaintiffs and the Class*

**PLAINTIFFS' RESPONSE IN OPPOSITION TO PRESIDENT PETERSEN'S AND SPEAKER MONTENEGRO'S BRIEF OF *AMICUS CURIAE* IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION**

The *amicus curiae* brief of the President of the Arizona Senate Warren Petersen and Speaker of the Arizona House of Representatives Steve Montenegro (the "Legislative Leaders") (Dkt. 289) offers no persuasive reason for the Court to modify or reject Plaintiffs' proposed permanent injunction. As a threshold matter, the Legislative Leaders' arguments deserve no weight because the Legislative Leaders were not in the Arizona Legislature when the provision of A.R.S. § 36-337(A) at issue here was enacted. They, therefore, are not in a unique or relevant position to speak to § 36-337(A)'s legislative intent or to the proposed permanent injunction in this litigation. Defendant has already characterized the legislative intent of § 36-337(A) at the time it was passed and has vigorously defended § 36-337(A) in this litigation, including against Plaintiffs' Motion for Permanent Injunction.[1]

In addition, for the reasons discussed in Plaintiffs' Reply in Support of their Motion for a Permanent Injunction (the "Reply") (Dkt. 290) and herein, the Legislative Leaders' arguments fail on substantive grounds. First, the Legislative Leaders argue that Plaintiffs' proposed permanent injunction violates Federal Rule of Civil Procedure 65(d) by not specifically stating its terms or describing in reasonable detail the act restrained. Not so. As discussed in Plaintiffs' Reply, Plaintiffs ask the Court to enjoin Defendant from requiring that a transgender individual first undergo an "operation" as a prerequisite to using the private administrative process to amend the sex marker on their birth certificate. Based on that request, Defendant will therefore be directed to stop enforcing the "operation" requirement in § 36-337(A) and A.A.C. R9-19-208(O)—i.e. transgender individuals will no longer be required to provide a physician's letter "verifying" that they have undergone

---

[1]     The Legislative Leaders discuss H.B. 2438, a bill the Arizona Legislature passed earlier this year to amend A.R.S. § 36-337. (Dkt. 289 at 6). The Court should disregard this argument because Arizona Governor Katie Hobbs vetoed the bill on May 2, 2025. *See* Veto of H.B. 2438, 57th Leg., 1st Reg. Sess. (Ariz. 2025) (letter from Gov. Hobbs to Speaker Steve Montenegro, May 2, 2025) [https://mcusercontent.com/44a5186aac69c13c570fca36a/files/06a8d347-7fa0-d73d-9a9f-ca2c806c03b6/HB2438_Veto_Letter.pdf].

**PLAINTIFFS' RESPONSE TO BRIEF OF *AMICI CURIAE***

an "operation" to use the private administrative process to amend the sex marker on their birth certificate.

Under any reasonable reading, what the proposed injunction requires is clear: in processing an application for a change in the sex marker on a birth certificate under § 36-337(A) and R9-19-208(O) based on a gender transition (or what the statute terms a "sex change"), Defendant may not apply the term "operation" to require surgery as a condition of the requested change. The provisions of § 36-337(A) and R9-19-208(O) would otherwise remain in effect, meaning Defendant would be required to make the change upon receipt of a "written request" for amendment and a "written statement by a physician that verifies the sex change." The proposed injunction therefore is both limited in scope and clear in its application. Rule 65 requires no more.

Second, the Legislative Leaders argue that the proposed permanent injunction conflicts with § 36-337(A)'s legislative intent because the legislature would have preferred that the provision in § 36-337(A)(3) regarding individuals who have received a "sex change operation" be nullified in its entirety. However, as discussed in Plaintiffs' Reply, Plaintiffs' proposed remedy follows the legislature's intent at the time § 36-337(A) passed. *Ayotte v. Planned Parenthood of N. New England*, 546 U.S. 320 (2006) sets forth three principles that should govern a court's approach to remedying an unconstitutional statute: (1) try not to nullify more of the statute than necessary; (2) refrain from rewriting the statute to conform it to constitutional requirements; and (3) look to legislative intent. *See id.* at 329–30. To preserve legislative intent in the face of an unconstitutional statute or application thereof, courts "must next ask: Would the legislature have preferred what is left of its statute to no statute at all?" *Id.* at 330. Unless it is evident that the Arizona legislature would have wanted to nullify § 36-337(A) in its entirety if it did not contain the word "operation," the rest of the statute must remain intact. *See Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 587 (2012) (citing *Champlin Ref. Co. v. Corp. Comm'n of Okl.,* 286 U.S. 210, 234 (1932)).

**PLAINTIFFS' RESPONSE TO BRIEF OF *AMICI CURIAE***

Here, Defendant stated in her Motion for Summary Judgment that § 36-337(A) and its earlier iterations in Arizona's vital records laws were enacted to provide an avenue for transgender people to amend the sex marker on their birth certificates and were not the result of anti-transgender bias. (*See* Dkt. 230 at 18.)  Written discovery in this case also supports Defendant's statements. *See, e.g.*, Dkt. 233-10, Ex. 23 at 23 ("[T]he purpose of this statute was altruistic.").  The Legislative Leaders and Defendant offer no evidence that the Arizona legislature would have wanted to nullify § 36-337(A)(3) in its entirety rather than to have the statute continue to provide a process for transgender individuals to amend their birth certificates, and the evidence in the record reveals the opposite   In addition, contrary to the Legislative Leaders' suggestion, Plaintiffs' proposed injunction still reflects a legislative intent to limit birth certificate changes under § 36-337(A)(3) to a specific class of cases involving objectively verifiable circumstances that can be corroborated by independent documentation as described above.

Third, the Legislative Leaders argue the proposed permanent injunction amounts to rewriting the statute.   Here, however, Plaintiffs' proposed remedy merely enjoins enforcement of a single word in the statute in two separate locations, ensuring that the existing statute remains in force to the maximum extent consistent with constitutional limitations.  This proposal keeps the vast majority of the statute intact and does no more than remedy the constitutional violation that the Court has found.  Moreover, § 36-337 does not say that birth certificates may be amended *only* pursuant to the terms of § 36-337.  In fact, the Arizona vital records laws provide additional avenues to amend birth certificates. For example, Arizona law also provides that Defendant "shall amend a registered certificate pursuant to [Title 36, Chapter 3 of the Arizona Revised Statutes] and rules adopted pursuant to [the same]," A.R.S. § 36-323(A), and shall "prescribe by rule the information required to be submitted to create or amend a vital record," A.R.S. § 36-321.

For these reasons and those set forth in Plaintiffs' Motion and Reply (Dkts. 282, 290), Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Permanent Injunction and Final Judgment.

**PLAINTIFFS' RESPONSE TO BRIEF OF *AMICI CURIAE***

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: July 2, 2025                          OSBORN MALEDON, P.A.


                                             s/Payslie M. Bowman
                                             Mary R. O'Grady
                                             Colin M. Proksel
                                             Payslie M. Bowman
                                             OSBORN MALEDON, P.A.
                                             2929 North Central Avenue, Suite 2000
                                             Phoenix, Arizona 85012

                                             Rachel Berg (*Pro Hac Vice*)
                                             NATIONAL CENTER FOR LESBIAN
                                             RIGHTS
                                             870 Market Street, Suite 370
                                             San Francisco, California 94102

                                             Patrick Hayden (*Pro Hac Vice*)
                                             COOLEY LLP
                                             55 Hudson Yards
                                             New York, New York 10001-2157

                                             Jessica L. Taylor (*Pro Hac Vice*)
                                             COOLEY LLP
                                             10265 Science Center Drive
                                             San Diego, California 92121-1909

                                             *Attorneys for Plaintiffs and the
                                             Class*

PLAINTIFFS' RESPONSE TO BRIEF
OF *AMICI CURIAE*