Justin D. Smith, Mo. Bar No. 63253*
Michael Martinich-Sauter, Mo. Bar No. 66065
James Otis Law Group, LLC
530 Maryville Centre Drive, Suite 230
St. Louis, Missouri 63141
(816) 678-2103
Justin.Smith@james-otis.com

*Attorneys for Proposed Intervenors President Petersen and Speaker Montenegro*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Helen Roe, a minor, by and through parent and next friend Megan Roe, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Sheila Sjolander, in her official capacity as State Registrar of Vital Records and Interim Director of the Arizona Department of Health Services,<br><br>Defendant. | Case No. 4:20-cv-00484-JAS<br><br>**Intervenor-Defendants' Answer to Plaintiffs' First Amended Complaint** |

EXHIBIT
A

Intervenor-Defendants President of the Arizona State Senate Warren Petersen and Speaker of the Arizona House of Representatives Steve Montenegro (collectively the "Intervenor-Defendants"), by and through their attorneys, for their answer to Plaintiffs' First Amended Complaint (Doc. 47), state as follows:

**INTRODUCTION**

1. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiffs' First Amended Complaint and therefore deny them.

2. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiffs' First Amended Complaint and therefore deny them.

3. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 3 of Plaintiffs' First Amended Complaint and therefore deny them. The Intervenor-Defendants admit the allegations in the remainder of Paragraph 3 of Plaintiffs' First Amended Complaint.

4. The Intervenor-Defendants deny the allegations in Paragraph 4 of Plaintiffs' First Amended Complaint.

5. Paragraph 5 of Plaintiffs' First Amended Complaint states legal conclusions and thus does not require a response. To the extent that a response is required, the Intervenor-Defendants deny the allegations in Paragraph 5 of Plaintiffs' First Amended Complaint.

6. The Intervenor-Defendants deny the allegations in the first and second sentences of Paragraph 6 of Plaintiffs' First Amended Complaint. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 6 of Plaintiffs' First Amended Complaint and therefore deny them. The Intervenor-Defendants deny the allegations in the fourth sentence of Paragraph 6 of Plaintiffs' First Amended Complaint. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations in the fifth sentence of Paragraph 6 of Plaintiffs' First Amended Complaint and therefore deny them. The Intervenor-Defendants deny the allegations in the sixth sentence of Paragraph 6 of Plaintiffs' First Amended Complaint.

7. The Intervenor-Defendants deny the allegations in Paragraph 7 of Plaintiffs' First Amended Complaint.

8. The Intervenor-Defendants deny the allegations in Paragraph 8 of Plaintiffs' First Amended Complaint.

**JURISDICTION AND VENUE**

9. The Intervenor-Defendants admit that Plaintiffs have alleged that their cause of action arises under 42 U.S.C. § 1983 and § 1988 and that these sections provide redress for their alleged constitutional violations. The Intervenor-Defendants deny that Plaintiffs have been deprived of rights secured by the United States Constitution.

10. Paragraph 10 of Plaintiffs' First Amended Complaint states legal conclusions and thus does not require a response. To the extent that a response is required, the Intervenor-Defendants deny the allegations in Paragraph 10 of Plaintiffs' First Amended Complaint and incorporate by reference the answer provided by the Defendant.

11. Paragraph 11 of Plaintiffs' First Amended Complaint states legal conclusions and thus does not require a response. To the extent that a response is required, the Intervenor-Defendants deny the allegations in Paragraph 11 of Plaintiffs' First Amended Complaint and incorporate by reference the answer provided by the Defendant.

12. Paragraph 12 of Plaintiffs' First Amended Complaint states legal conclusions and thus does not require a response. To the extent that a response is required, the Intervenor-Defendants deny the allegations in Paragraph 12 of Plaintiffs' First Amended Complaint and incorporate by reference the answer provided by the Defendant.

13. Paragraph 13 of Plaintiffs' First Amended Complaint states legal conclusions and thus does not require a response. To the extent that a response is required, the Intervenor-Defendants incorporate by reference the answer provided by the Defendant in response to Paragraph 13 of Plaintiffs' First Amended Complaint.

**PARTIES**

**A. The Plaintiffs**

14. The Intervenor-Defendants deny the allegations in the first sentence of Paragraph 14 of Plaintiffs' First Amended Complaint to the extent of Plaintiff D.T.'s alleged current age and sex. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 14 of Plaintiffs' First Amended Complaint and therefore deny them. The Intervenor-Defendants admit the second sentence of Paragraph 14 of Plaintiffs' First Amended Complaint.

15. The Intervenor-Defendants deny the allegations in the first sentence of Paragraph 15 of Plaintiffs' First Amended Complaint to the extent of Plaintiff Doe's alleged current age and sex. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 15 of Plaintiffs' First Amended Complaint and therefore deny them. The Intervenor-Defendants admit the second sentence of Paragraph 15 of Plaintiffs' First Amended Complaint.

16. The Intervenor-Defendants deny the allegations in the first sentence of Paragraph 16 of Plaintiffs' First Amended Complaint to the extent of Plaintiff Roe's alleged current age and sex. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 16 of Plaintiffs' First Amended Complaint and therefore deny them. The Intervenor-Defendants admit the second sentence of Paragraph 16 of Plaintiffs' First Amended Complaint.

17. The Intervenor-Defendants deny the allegations in the first sentence of Paragraph 17 of Plaintiffs' First Amended Complaint to the extent of Plaintiff Poe's alleged current age and sex. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 17 of Plaintiffs' First Amended Complaint and therefore deny them. The Intervenor-

Defendants admit the second sentence of Paragraph 17 of Plaintiffs' First Amended Complaint.

18. The Intervenor-Defendants deny the allegations in the first sentence of Paragraph 18 of Plaintiffs' First Amended Complaint to the extent of Plaintiff Voe's alleged current age and sex. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 18 of Plaintiffs' First Amended Complaint and therefore deny them. The Intervenor-Defendants admit the second sentence of Paragraph 18 of Plaintiffs' First Amended Complaint.

**B. <u>The Defendants</u>**

19. The Intervenor-Defendants deny the allegations in Paragraph 19 of Plaintiffs' First Amended Complaint because Defendant Cara M. Christ is no longer the State Registrar of Vital Records and Director of the Department of Health Services for the State of Arizona.

20. The Intervenor-Defendants deny the allegations in Paragraph 20 of Plaintiffs' First Amended Complaint because Chief Thomas Salow is no longer a Defendant or the Branch Chief of the Division of Public Health Licensing Services within the Department of Health Services for the State of Arizona.

21. The Intervenor-Defendants deny the allegations in Paragraph 21 of Plaintiffs' First Amended Complaint because Chief Krystal Colburn is no longer a Defendant or the Assistant State Registrar and Bureau Chief of the Bureau of Vital Records within the Department of Health Services for the State of Arizona.

## <u>STATEMENT OF FACTS</u>

**"Gender identity development and treatment for gender dysphoria"**

22. The Intervenor-Defendants deny the allegations in Paragraph 22 of Plaintiffs' First Amended Complaint.

23. The Intervenor-Defendants deny the allegations in Paragraph 23 of Plaintiffs' First Amended Complaint.

24. The Intervenor-Defendants deny the allegations in Paragraph 24 of Plaintiffs' First Amended Complaint.

25. The Intervenor-Defendants deny the allegations in Paragraph 25 of Plaintiffs' First Amended Complaint.

26. The Intervenor-Defendants deny the allegations in Paragraph 26 of Plaintiffs' First Amended Complaint.

27. The Intervenor-Defendants admit that gender dysphoria is discussed in the DSM-5. The Intervenor-Defendants deny the remaining allegations in Paragraph 27 of Plaintiffs' First Amended Complaint.

28. The Intervenor-Defendants admit the allegations in the first sentence of Paragraph 28 of Plaintiffs' First Amended Complaint. The Intervenor-Defendants deny the allegations in the second and third sentences of Paragraph 28 of Plaintiffs' First Amended Complaint.

29. The Intervenor-Defendants admit that WPATH released the seventh version of its *Standards of Care for the Health of Transsexual, Transgender, and Gender Nonconforming People* in 2011. The Intervenor-Defendants deny the remaining allegations in Paragraph 29 of Plaintiffs' First Amended Complaint.

30. The Intervenor-Defendants admit that the Endocrine Society released the *Endocrine Treatment of Gender-Dysphoric/Gender-Incongruent Persons: An Endocrine Society Clinical Practice Guideline* in September 2017. The Intervenor-Defendants deny the remaining allegations in Paragraph 30 of Plaintiffs' First Amended Complaint.

31. The Intervenor-Defendants deny the allegations in Paragraph 31 of Plaintiffs' First Amended Complaint.

32. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of Plaintiffs' First Amended Complaint and therefore deny them.

33. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of Plaintiffs' First Amended

Complaint and therefore deny them.

34. The Intervenor-Defendants deny the allegations in Paragraph 34 of Plaintiffs' First Amended Complaint.

35. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 35 of Plaintiffs' First Amended Complaint and therefore deny them. The Intervenor-Defendants deny the allegations in the second sentence of Paragraph 35 of Plaintiffs' First Amended Complaint.

36. The Intervenor-Defendants admit that some children receive puberty-blocking medication. The Intervenor-Defendants deny the remaining allegations in Paragraph 36 of Plaintiffs' First Amended Complaint.

37. The Intervenor-Defendants admit that some children receive cross-sex hormones. The Intervenor-Defendants deny the remaining allegations in Paragraph 37 of Plaintiffs' First Amended Complaint.

38. The Intervenor-Defendants deny the allegations in Paragraph 38 of Plaintiffs' First Amended Complaint.

39. The Intervenor-Defendants deny the allegations in Paragraph 39 of Plaintiffs' First Amended Complaint.

40. The Intervenor-Defendants deny that puberty-blocking medication, cross-sex hormones, and surgery are medically necessary. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 of Plaintiffs' First Amended Complaint and therefore deny them.

**"The need for accurate birth certificates matching one's identity"**

41. The Intervenor-Defendants admit that a birth certificate is a trusted government-issued document that includes an individual's sex. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 of Plaintiffs' First Amended Complaint and therefore deny them.

42. The Intervenor-Defendants admit that birth certificates may be accepted as government-issued identification in some circumstances. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 of Plaintiffs' First Amended Complaint and therefore deny them.

43. The Intervenor-Defendants deny the allegations in Paragraph 43 of Plaintiffs' First Amended Complaint.

44. The Intervenor-Defendants admit that Paragraph 44 of Plaintiffs' First Amended Complaint accurately characterizes a survey report by the National Center for Transgender Equality in 2015. To the extent that Paragraph 44 makes additional factual allegations, the Intervenor-Defendants deny those allegations.

45. The Intervenor-Defendants deny the allegations in Paragraph 45 of Plaintiffs' First Amended Complaint.

**"The process for changing the sex listed on an Arizona birth certificate"**

46. Paragraph 46 of Plaintiffs' First Amended Complaint states legal conclusions and thus does not require a response. To the extent that a response is required, the Intervenor-Defendants deny the allegations in Paragraph 46 of Plaintiffs' First Amended Complaint.

47. Paragraph 47 of Plaintiffs' First Amended Complaint states legal conclusions and thus does not require a response. To the extent that a response is required, the Intervenor-Defendants deny the allegations in Paragraph 47 of Plaintiffs' First Amended Complaint.

48. Paragraph 48 of Plaintiffs' First Amended Complaint states legal conclusions and thus does not require a response. To the extent that a response is required, the Intervenor-Defendants deny the allegations in Paragraph 48 of Plaintiffs' First Amended Complaint.

49. The Intervenor-Defendants deny the allegations in Paragraph 49 of Plaintiffs' First Amended Complaint.

50. Paragraph 50 of Plaintiffs' First Amended Complaint states legal conclusions and thus does not require a response. To the extent that a response is required, the Intervenor-Defendants deny the allegations in Paragraph 50 of Plaintiffs' First Amended Complaint.

51. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of Plaintiffs' First Amended Complaint and therefore deny them.

52. Paragraph 52 of Plaintiffs' First Amended Complaint states legal conclusions and thus does not require a response. To the extent that a response is required, the Intervenor-Defendants deny the allegations in Paragraph 52 of Plaintiffs' First Amended Complaint.

53. Paragraph 53 of Plaintiffs' First Amended Complaint states legal conclusions and thus does not require a response. To the extent that a response is required, the Intervenor-Defendants deny the allegations in Paragraph 53 of Plaintiffs' First Amended Complaint.

54. Paragraph 54 of Plaintiffs' First Amended Complaint states legal conclusions and thus does not require a response. To the extent that a response is required, the Intervenor-Defendants deny the allegations in Paragraph 54 of Plaintiffs' First Amended Complaint.

55. The Intervenor-Defendants deny the allegations in the first sentence of Paragraph 55 of Plaintiffs' First Amended Complaint. The remainder of Paragraph 55 states legal conclusions and thus does not require a response. To the extent that a response is required, the Intervenor-Defendants deny the allegations in Paragraph 55 of Plaintiffs' First Amended Complaint.

56. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of Plaintiffs' First Amended Complaint and therefore deny them.

57. The Intervenor-Defendants deny the allegations in Paragraph 57 of Plaintiffs'

First Amended Complaint.

***Plaintiff D.T.***

58. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of Plaintiffs' First Amended Complaint and therefore deny them.

59. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of Plaintiffs' First Amended Complaint and therefore deny them.

60. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of Plaintiffs' First Amended Complaint and therefore deny them.

61. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of Plaintiffs' First Amended Complaint and therefore deny them.

62. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of Plaintiffs' First Amended Complaint and therefore deny them.

63. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of Plaintiffs' First Amended Complaint and therefore deny them.

64. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of Plaintiffs' First Amended Complaint and therefore deny them.

65. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of Plaintiffs' First Amended Complaint and therefore deny them.

66. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of Plaintiffs' First Amended

Complaint and therefore deny them.

67. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of Plaintiffs' First Amended Complaint and therefore deny them.

68. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of Plaintiffs' First Amended Complaint and therefore deny them.

69. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of Plaintiffs' First Amended Complaint and therefore deny them.

70. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of Plaintiffs' First Amended Complaint and therefore deny them.

71. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of Plaintiffs' First Amended Complaint and therefore deny them.

72. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of Plaintiffs' First Amended Complaint and therefore deny them.

***Plaintiff Jane Doe***

73. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of Plaintiffs' First Amended Complaint and therefore deny them.

74. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of Plaintiffs' First Amended Complaint and therefore deny them.

75. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of Plaintiffs' First Amended

Complaint and therefore deny them.

76. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of Plaintiffs' First Amended Complaint and therefore deny them.

77. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of Plaintiffs' First Amended Complaint and therefore deny them.

78. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of Plaintiffs' First Amended Complaint and therefore deny them.

79. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of Plaintiffs' First Amended Complaint and therefore deny them.

80. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of Plaintiffs' First Amended Complaint and therefore deny them.

81. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of Plaintiffs' First Amended Complaint and therefore deny them.

82. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of Plaintiffs' First Amended Complaint and therefore deny them.

83. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of Plaintiffs' First Amended Complaint and therefore deny them.

84. The Intervenor-Defendants admit that Plaintiff Doe's parents filed a Motion for Preliminary Injunction concurrently with Plaintiffs' Complaint. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 84 of Plaintiffs' First Amended Complaint and therefore deny them.

85. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of Plaintiffs' First Amended Complaint and therefore deny them.

***Plaintiff Helen Roe***

86. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of Plaintiffs' First Amended Complaint and therefore deny them.

87. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of Plaintiffs' First Amended Complaint and therefore deny them.

88. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of Plaintiffs' First Amended Complaint and therefore deny them.

89. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of Plaintiffs' First Amended Complaint and therefore deny them.

90. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 of Plaintiffs' First Amended Complaint and therefore deny them.

91. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 of Plaintiffs' First Amended Complaint and therefore deny them.

92. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 of Plaintiffs' First Amended Complaint and therefore deny them.

93. The Intervenor-Defendants lack knowledge or information sufficient to form

a belief as to the truth of the allegations in Paragraph 93 of Plaintiffs' First Amended Complaint and therefore deny them.

***Plaintiff James Poe***

94. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 of Plaintiffs' First Amended Complaint and therefore deny them.

95. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 of Plaintiffs' First Amended Complaint and therefore deny them.

96. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 of Plaintiffs' First Amended Complaint and therefore deny them.

97. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 of Plaintiffs' First Amended Complaint and therefore deny them.

98. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of Plaintiffs' First Amended Complaint and therefore deny them.

99. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of Plaintiffs' First Amended Complaint and therefore deny them.

100. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 of Plaintiffs' First Amended Complaint and therefore deny them.

101. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of Plaintiffs' First Amended Complaint and therefore deny them.

102. The Intervenor-Defendants lack knowledge or information sufficient to form

a belief as to the truth of the allegations in Paragraph 102 of Plaintiffs' First Amended Complaint and therefore deny them.

***Plaintiff Carl Voe***

103. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of Plaintiffs' First Amended Complaint and therefore deny them.

104. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 of Plaintiffs' First Amended Complaint and therefore deny them.

105. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 of Plaintiffs' First Amended Complaint and therefore deny them.

106. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 of Plaintiffs' First Amended Complaint and therefore deny them.

107. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of Plaintiffs' First Amended Complaint and therefore deny them.

108. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 of Plaintiffs' First Amended Complaint and therefore deny them.

109. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 of Plaintiffs' First Amended Complaint and therefore deny them.

110. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 of Plaintiffs' First Amended Complaint and therefore deny them.

111. The Intervenor-Defendants lack knowledge or information sufficient to form

a belief as to the truth of the allegations in Paragraph 111 of Plaintiffs' First Amended Complaint and therefore deny them.

**Class action allegations**

112. The Intervenor-Defendants admit that Paragraph 112 of Plaintiffs' First Amended Complaint describes Plaintiffs' action.

113. The Intervenor-Defendants admit that Paragraph 113 of Plaintiffs' First Amended Complaint contains Plaintiffs' requested class definition.

114. The Intervenor-Defendants deny the allegations in the first sentence of Paragraph 114 of Plaintiffs' First Amended Complaint. The Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 114 of Plaintiffs' First Amended Complaint and therefore deny them.

115. The Intervenor-Defendants deny the allegations in Paragraph 115 of Plaintiffs' First Amended Complaint.

116. The Intervenor-Defendants deny the allegations in Paragraph 116 of Plaintiffs' First Amended Complaint.

117. The Intervenor-Defendants deny the allegations in Paragraph 117 of Plaintiffs' First Amended Complaint.

118. The Intervenor-Defendants deny the allegations in Paragraph 118 of Plaintiffs' First Amended Complaint.

119. The Intervenor-Defendants deny the allegations in Paragraph 119 of Plaintiffs' First Amended Complaint.

120. The Intervenor-Defendants deny the allegations in Paragraph 120 of Plaintiffs' First Amended Complaint.

**COUNT I**

**(Alleged Violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution)**

121. The Intervenor-Defendants hereby incorporate by reference their responses

to paragraphs 1 to 120 of Plaintiffs' First Amended Complaint as if set forth herein.

122. The Intervenor-Defendants admit that Plaintiffs have accurately quoted a portion of the Fourteenth Amendment to the United States Constitution in Paragraph 122 of Plaintiffs' First Amended Complaint.

123. Paragraph 123 of Plaintiffs' First Amended Complaint states legal conclusions and thus does not require a response. To the extent that a response is required, the Intervenor-Defendants deny the allegations in Paragraph 123 of Plaintiffs' First Amended Complaint.

124. Paragraph 124 of Plaintiffs' First Amended Complaint states legal conclusions and thus does not require a response. To the extent that a response is required, the Intervenor-Defendants deny the allegations in Paragraph 124 of Plaintiffs' First Amended Complaint.

125. The Intervenor-Defendants deny the allegations in Paragraph 125 of Plaintiffs' First Amended Complaint.

126. The Intervenor-Defendants deny the allegations in Paragraph 126 of Plaintiffs' First Amended Complaint.

**COUNT II**

**(Alleged Violation of the Substantive Due Process Right to Privacy under the United States Constitution)**

127. The Intervenor-Defendants hereby incorporate by reference their responses to paragraphs 1 to 126 of Plaintiffs' First Amended Complaint as if set forth herein.

128. The Intervenor-Defendants admit that Plaintiffs have accurately quoted a portion of the Fourteenth Amendment to the United States Constitution in Paragraph 128 of Plaintiffs' First Amended Complaint.

129. The Intervenor-Defendants deny the allegations in Paragraph 129 of Plaintiffs' First Amended Complaint.

130. The Intervenor-Defendants deny the allegations in Paragraph 130 of Plaintiffs' First Amended Complaint.

131. The Intervenor-Defendants deny the allegations in Paragraph 131 of Plaintiffs' First Amended Complaint.

132. The Intervenor-Defendants deny the allegations in Paragraph 132 of Plaintiffs' First Amended Complaint.

133. The Intervenor-Defendants deny the allegations in Paragraph 133 of Plaintiffs' First Amended Complaint.

134. The Intervenor-Defendants deny the allegations in Paragraph 134 of Plaintiffs' First Amended Complaint.

**COUNT III**

**(Alleged Violation of the Substantive Due Process Right to Individual Liberty and Autonomy under the United States Constitution)**

135. The Intervenor-Defendants hereby incorporate by reference their responses to paragraphs 1 to 134 of Plaintiffs' First Amended Complaint as if set forth herein.

136. The Intervenor-Defendants admit that the full quote from the Supreme Court's decision reads: "The Constitution promises liberty to all within its reach, a liberty that includes certain specific rights that allow persons, within a lawful realm, to define and express their identity." *Obergefell v. Hodges*, 576 U.S. 644, 651–52 (2015). The Intervenor-Defendants deny all remaining allegations in Paragraph 136 of Plaintiffs' First Amended Complaint.

137. The Intervenor-Defendants deny the allegations in Paragraph 137 of Plaintiffs' First Amended Complaint.

138. The Intervenor-Defendants deny the allegations in Paragraph 138 of Plaintiffs' First Amended Complaint.

139. The Intervenor-Defendants deny the allegations in Paragraph 139 of Plaintiffs' First Amended Complaint.

**COUNT IV**

**(Alleged Violation of the Substantive Due Process Right to choose whether to undergo a particular medical treatment under the United States Constitution)**

140. The Intervenor-Defendants hereby incorporate by reference their responses to paragraphs 1 to 139 of Plaintiffs' First Amended Complaint as if set forth herein.

141. Paragraph 141 of Plaintiffs' First Amended Complaint states legal conclusions and thus does not require a response. To the extent that a response is required, the Intervenor-Defendants deny the allegations in Paragraph 141 of Plaintiffs' First Amended Complaint.

142. The Intervenor-Defendants deny the allegations in Paragraph 142 of Plaintiffs' First Amended Complaint.

143. The Intervenor-Defendants deny the allegations in Paragraph 143 of Plaintiffs' First Amended Complaint.

144. The Intervenor-Defendants deny the allegations in Paragraph 144 of Plaintiffs' First Amended Complaint.

## PRAYER FOR RELIEF

The Intervenor-Defendants deny that Plaintiffs are entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim upon which relief may be granted.

2. Plaintiffs fail to establish that this is a proper class action under Rule 23.

3. Plaintiffs' proposed remedy is inconsistent with legislative intent.

4. Plaintiffs are not entitled to costs and disbursements of this action from Intervenor-Defendants, including attorneys' fees pursuant to 42 U.S.C. § 1988 and any other applicable laws, for activities prior to the Intervenor-Defendants' motion to intervene.

5. All affirmative defenses raised by the Defendant are incorporated by reference as if set forth herein.

Dated: October 20, 2025

Respectfully submitted,

JAMES OTIS LAW GROUP, LLC

*/s/ Justin D. Smith*________
Justin D. Smith, Mo. Bar No. 63253*
Michael Martinich-Sauter, Mo. Bar No. 66065
530 Maryville Centre Drive, Suite 230
St. Louis, Missouri 63141
(816) 678-2103
Justin.Smith@james-otis.com
* *pro hac vice*

*Attorneys for Proposed Intervenors President Petersen and Speaker Montenegro*

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 20, 2025, I caused a true and correct copy of the foregoing to be filed by the Court's electronic filing system, to be served by operation of the Court's electronic filing system on counsel for all parties who have entered in the case.

*/s/ Justin D. Smith*