1   Kyle C. Wong (*Pro Hac Vice*)
    COOLEY LLP
2   3 Embarcadero Center, 20th Floor
    San Francisco, California 94111-4004
3   Telephone:    (415) 693-2000
    Facsimile:    (415) 693-2222
4   Email:        kwong@cooley.com

5   Patrick Hayden (*Pro Hac Vice*)
    COOLEY LLP
6   55 Hudson Yards
    New York, New York 10001-2157
7   Telephone:    (212) 479-6000
    Facsimile:    (212) 479-6275
8   Email:        phayden@cooley.com

9   Mary O'Grady (011434)
    Colin Proksel (034133)
10  Payslie Bowman (035418)
    OSBORN MALEDON, P.A.
11  2929 North Central Avenue, 21st Floor
    Phoenix, Arizona 85012-2793
12  Telephone:    (602) 640-9000
    Facsimile:    (602) 640-9050
13  Email:        mogrady@omlaw.com
    Email:        cproksel@omlaw.com
14  Email:        pbowman@omlaw.com

15
    *Attorneys for Plaintiffs and the Class*
16
    Additional counsel listed on following page
17

18              **UNITED STATES DISTRICT COURT**
                **FOR THE DISTRICT OF ARIZONA**
19

20  Helen Roe, a minor, by and through her        Case No. 4:20-cv-00484-JAS
    parent and next friend Megan Roe; et al.,
21                                                 **PLAINTIFFS' OPPOSITION TO MOTION TO**
              Plaintiffs,                          **INTERVENE POST-JUDGMENT BY**
22                                                 **ARIZONA SENATE PRESIDENT WARREN**
              v.                                   **PETERSON AND SPEAKER OF THE**
23                                                 **ARIZONA HOUSE STEVE MONTENEGRO**
    Sheila Sjolander, in her official capacity as
24  State Registrar of Vital Records and
    Director of the Arizona Department of
25  Health Services,

26            Defendant.

27

28

Rachel Berg (*Pro Hac Vice*)
NATIONAL CENTER FOR LGBTQ RIGHTS
870 Market Street, Suite 370
San Francisco, California 94102
Telephone:    (415) 343-7679
Facsimile:    (415) 392-8442
Email:        rberg@nclrights.org

Jessica L. Taylor (*Pro Hac Vice*)
COOLEY LLP
10265 Science Center Drive
San Diego, California 92121-1117
Telephone:    (858) 550-6000
Facsimile:    (858) 550-6420
Email:        jtaylor@cooley.com

*Attorneys for Plaintiffs and the Class*

2.

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................... 1

II.     FACTUAL BACKGROUND ................................................................................ 1

III.    THE COURT SHOULD DENY INTERVENTION AS OF RIGHT. ..................... 3

    A.      The Motion Is Untimely. ............................................................................. 3

    B.      The Existing Defendant Has Adequately Represented the Proposed
              Intervenors' Purported Interests and Will Continue to Do So. ................... 7

            i.      Proposed Intervenors' Interests are Adequately Represented
                  through the Defendant's Appeal. ...................................................... 7

            ii.     Defendant Adequately Represents Proposed Intervenors'
                  Interests. ......................................................................................... 8

            iii.    Proposed Intervenors Do Not Offer Any Necessary Elements
                  to the Proceeding that Defendant Would Neglect ........................... 10

    C.      Proposed Intervenors Lack Any Significant Protectable Interest That
              Would Be Impaired Without Their Participation. ...................................... 12

    D.      Proposed Intervenors' Standing Argument Is Moot. ................................. 12

IV.     THE COURT SHOULD DENY PERMISSIVE INTERVENTION ..................... 13

V.      CONCLUSION ................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arakaki v. Cayetano*,
   324 F.3d 1078 (9th Cir. 2003) ................................................................. 9, 11

*Arizonans for Fair Elections v. Hobbs*,
   335 F.R.D. 269 (D. Ariz. 2020) ............................................................... 9, 13

*Associated Gen. Contractors of Cal. v. Sec'y of Com. of U.S. Dep't of Com.*,
   77 F.R.D. 31 (C.D. Cal. 1977) ...................................................................... 4

*Bates v. Jones*,
   127 F.3d 870 (9th Cir. 1997) ......................................................................... 4

*Berger v. N.C. State Conf. of the NAACP*,
   597 U.S. 179 (2022) ..................................................................................... 10

*Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*,
   309 F.3d 1113 (9th Cir. 2002) ....................................................................... 5

*Callahan v. Brookdale Senior Living Cmtys*,
   42 F.4th 1013 (9th Cir. 2022) ......................................................... 9, 10, 13

*Calvert v. Huckins*,
   109 F.3d 636 (9th Cir. 1997) ......................................................................... 4

*Chamness v. Bowen*,
   722 F.3d 1110 (9th Cir. 2013) ....................................................................... 6

*Chevron Env't Mgmt. Co. v. Env't Prot. Corp.*,
   335 F.R.D. 316 (E.D. Cal. 2020) .......................................................... 3, 4, 7

*Ctr. for Biological Diversity v. United States Fish & Wildlife Serv.*,
   No. CV-16-0527-TUC-BGM, 2018 WL 11352129 (D. Ariz. Nov. 15, 2018) ............. 5

*Isaacson v. Mayes*,
   No. CV-21-01417-PHX-DLR, 2023 WL 2403519 (D. Ariz. Mar. 8, 2023) ............... 12

*U.S. ex rel. Killingsworth v. Northrop Corp.*,
   25 F.3d 715 (9th Cir. 1994) ........................................................................... 5

*Mi Familia Vota v. Fontes*,
   2:22-cv-00509-SRB (D. Ariz. Apr. 26, 2023). ............................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

*Miracle v. Hobbs*,
  333 F.R.D. 151 (D. Ariz. 2019) ........................................................ 8, 12, 13

*Nw. Forest Res. Council v. Glickman*,
  82 F.3d 825 (9th Cir. 1996) ........................................................................ 4

*Orange County v. Air Cal.*,
  799 F.2d 535 (9th Cir. 1986) ...................................................................... 6

*Perry v. Proposition 8 Off. Proponents*,
  587 F.3d 947 (9th Cir. 2009) ................................................. 3, 8, 9, 10, 11

*Perry v. Schwarzenegger*,
  630 F.3d 898 (9th Cir. 2011) .................................................................... 13

*Puget Soundkeeper Alliance v. U.S. Environmental Protection Agency*,
  314 F.R.D. 516 (W. Dist. Wa. 2016) ........................................................ 11

*Smith v. L.A. Unified Sch. Dist.*,
  830 F.3d 843 (9th Cir. 2016) ...................................................................... 4

*Smith v. Marsh*,
  194 F.3d 1045, 1052 (9th Cir. 1999) .......................................................... 4

*Stansell v. Revolutionary Armed Forces of Colom.*,
  45 F.4th 1340 (11th Cir. 2022) .................................................................. 4

*United States v. Idaho*,
  No. 1:22-cv-00329, 2023 WL 1767387 (D. Idaho Feb. 3, 2023) ............... 10

*United State. v. State of Or.*,
  913 F.2d 576 (9th Cir. 1990) ............................................................... 3, 5, 7

*United State v. State of Wash.*,
  86 F.3d 1499 (9th Cir. 1996) ...................................................................... 4

*United Airlines, Inc. v. McDonald*,
  432 U.S. 385 (1977) .................................................................................... 5

*United States v. Alisal Water Corp.*,
  370 F.3d 915 (9th Cir. 2004) .................................................................. 3, 7

*United States v. Skrmetti*, 605 U.S. 495 (2025) ............................................. *passim*

# TABLE OF AUTHORITIES

**Page(s)**

**Statutes**

A.R.S.
    § 12-1841 ..................................................................................... 12
    § 36-302 ....................................................................................... 2
    § 36-321(A) .................................................................................. 2
    § 36-323(A) .................................................................................. 2
    § 36-337(A)(3) ........................................................................ 2, 9

**Other Authorities**

Fed. R. Civ. P.
    Rule 24 ................................................................................ *passim*
    Rule 24(a) ................................................................................... 12
    Rule 24(a)(2) ................................................................................ 3
    Rule 24(b) ................................................................................... 13

## I.    INTRODUCTION

Arizona Senate President Warren Petersen and Speaker of the Arizona House Steve Montenegro ("Proposed Intervenors") waited until the proverbial eleventh hour to seek intervention. This is too little, too late. In the five years the case has been pending, this Court has considered and ruled on various motions, including, among others, a motion to dismiss, a motion for class certification, and cross motions for summary judgment. But, at no point in those five years did the Senate President or House Speaker seek to intervene— not at the motion to dismiss, class certification, or summary judgment stages. They also did not seek intervention when Plaintiffs filed their motion for a permanent injunction over ten months ago even though the Proposed Intervenors felt compelled to submit an amicus curiae brief in opposition. Proposed Intervenors now claim that amicus made several arguments that Defendant should have raised in her opposition but did not. Again, Proposed Intervenors did not seek intervention in August 2025 when Defendant filed supplemental briefing in part addressing arguments raised in their amicus brief. Only now that final judgment has been entered and Proposed Intervenors do not like the outcome, do they want to be rewarded for their delay with another bite at the apple. Their motion is untimely, and the Court should deny it on this ground alone.

Even were the instant motion timely (it is not), Proposed Intervenors' asserted interests are now and always have been adequately represented by Defendant—as Proposed Intervenors concede in their Motion—and Proposed Intervenors lack any significant protectable interest in this action that will be impaired if they are not granted party status. Accordingly, the Motion to Intervene should be denied.

## II.    FACTUAL BACKGROUND

Over five years ago, on November 4, 2020, Plaintiffs filed this case and a motion for preliminary injunction seeking an amended birth certificate for former Plaintiff Jane Doe ("PI Motion"). (Dkts. 1, 3.) The case was filed against Defendant, State Registrar of Vital Records and Director of the Arizona Department of Health Services (ADHS). The ADHS, through the Bureau of Vital Records, is solely responsible for registering, issuing,

PLAINTIFFS' OPPOSITION TO
MOTION TO INTERVENE
CASE NO. 4:20-CV-00484-JAS

1  correcting, amending, and maintaining Arizona birth certificates. *See* A.R.S. § 36-302;

2  (Dkt. 279 at 2). Defendant is accountable for executing these responsibilities. *See, e.g.*,

3  A.R.S. §§ 36-302, 36-321(A), 36-323(A).

4          The parties resolved the PI Motion by joint stipulation on November 27, 2020, and

5  the Court thereafter ordered ADHS to amend the sex listed on Jane Doe's birth certificate.

6  (Dkts. 39, 41.) Following the resolution of the PI Motion, Plaintiffs filed the Amended

7  Complaint on January 8, 2021. (Dkt. 47.) On November 17, 2023, the Parties filed cross-

8  Motions for Summary Judgment. (Dkts. 230, 232.) On August 20, 2024, the Court granted

9  Plaintiffs' Motion for Summary Judgment and declared that A.R.S. § 36-337(A)(3)'s

10  surgical requirement was unconstitutional because it violated Plaintiffs' rights under the

11  Equal Protection Clause and the Due Process Clause. (Dkt. 279.)  During this time, neither

12  Proposed Intervenor sought to insert themselves into the case.

13          On January 15, 2025, Plaintiffs filed a motion for a permanent injunction and final

14  judgment. (Dkt. 282.) Defendant opposed the motion on January 29, 2025. (Dkt. 287.)

15  Several days later, on February 5, 2025, Proposed Intervenors filed a motion to file a brief

16  as amici curiae, which the Court granted on June 5, 2025. (Dkt. 292.)

17          On August 7, 2025, the Court held oral argument on Plaintiffs' permanent injunction

18  motion—Proposed Intervenors fully participated. (Dkt. 302.) At that time the Court ordered

19  the parties—including Proposed Intervenors—to submit supplemental briefing. (*Id.*) On

20  August 29, 2025, Defendant filed a supplemental brief opposing Plaintiffs' permanent

21  injunction and addressing Proposed Intervenors' amicus curiae brief. (Dkt. 308.) Defendant

22  argued that Plaintiffs' proposed permanent injunction impermissibly rewrites the statute and

23  violates Rule 65. (*Id.* at 4-5.) Defendant then addressed Proposed Intervenors *sua sponte*

24  request that the Court reconsider its summary judgment ruling. (*Id.* at 9.) Specifically,

25  Defendant noted that "to the extent *Skrmetti* can be read to suggest that lower courts should

26  assess whether laws impacting transgender persons classify based on 'medical use' rather

27  than sex or transgender status, Defendant already made those arguments in her summary

28  judgment briefing." (*Id.* at 9-10 (discussing *United States v. Skrmetti*, 605 U.S. 495 (2025).)

2.

1  Defendant did not dispute that there "may be arguments to be made challeng[ing]" the

2  Court's summary judgment order but acknowledged that the appellate court is the proper

3  forum in which to raise them. (*Id.* at 10.) Finally, Defendant requested that if the Court

4  awards Plaintiffs' requested injunction, that it stay the injunction pending appeal or at least

5  for thirty days so that Defendant could seek a stay from the Ninth Circuit. (*Id.* at 11.)

6  Proposed Intervenors still did not seek to intervene. On September 30, 2025, the Court

7  entered a permanent injunction and final judgment in Plaintiffs' favor. (Dkt. 310.)

8      Now that this case is complete, Proposed Intervenors have finally filed a motion to

9  intervene (the "Motion"). (Dkt. 314.) At the time the Motion was filed, Proposed

10 Intervenors claim that Defendant had not communicated to Proposed Intervenors a

11 commitment to appeal the Court's judgment. (Mot. at 3-4.) But on October 30, 2025,

12 Defendant filed a notice of appeal. (Dkt. 320.)

13 **III.    THE COURT SHOULD DENY INTERVENTION AS OF RIGHT.**

14     On a motion to intervene the analysis begins with Rule 24(a)(2) of the Federal Rules

15 of Civil Procedure. Fed. R. Civ. P. 24. That rule permits intervention as of right only if (1)

16 the motion is timely, (2) the moving party's "interest[s] [are] not [] adequately represented

17 by existing parties" and (3) they "have a significantly protectable interest" in the lawsuit

18 that will be impaired absent their participation. *Perry v. Proposition 8 Off. Proponents*, 587

19 F.3d 947, 950 (9th Cir. 2009). "The party seeking to intervene bears the burden of showing

20 that *all* the requirements for intervention have been met." *United States v. Alisal Water

21 Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (emphasis in original). The Proposed Intervenors

22 cannot carry their burden on any of these requirements.

23     **A.    The Motion Is Untimely.**

24     The Motion is untimely and can and must be denied on that basis alone. Timeliness

25 is generally the most important requirement for intervention. *See United States v. State of

26 Or.*, 913 F.2d 576, 588 (9th Cir. 1990). It is also a threshold requirement for intervention as

27 of right; "[i]n other words, if [the Court] find[s] that the motion to intervene was not timely,

28 [it] need not reach any of the remaining elements of Rule 24." *Chevron Env't Mgmt. Co. v.

3.

*Env't Prot. Corp.*, 335 F.R.D. 316, 322 (E.D. Cal. 2020). To assess timeliness, courts look to "(1) the stage of the proceedings; (2) whether the parties would be prejudiced; and (3) the reason for any delay in moving to intervene." *Nw. Forest Res. Council v. Glickman,* 82 F.3d 825, 836 (9th Cir. 1996). "The *crucial date* for assessing the timeliness of a motion to intervene is when proposed intervenors *should* have been aware that their interests would not be adequately protected by the existing parties." *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016) (*quoting Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

   ***No unusual circumstances.***   Proposed Intervenors have delayed a motion to intervene far too long. This case has been pending for five years and has reached final judgment. "In the context of a postjudgment motion to intervene," such as this motion, "federal cases interpreting the timeliness requirement of rule 24 have traditionally held, even in cases of intervention of right, that such motions will be granted only in very unusual circumstances.  In such cases, motions for intervention at that stage of the proceeding are usually denied." *Associated Gen. Contractors of Cal. v. Sec'y of Com. of U.S. Dep't of Com.*, 77 F.R.D. 31, 37 (C.D. Cal. 1977); s*ee, e.g.*, *Stansell v. Revolutionary Armed Forces of Colom.*, 45 F.4th 1340, 1361, 1363 (11th Cir. 2022) ("eleventh hour" motion to intervene was untimely because the proposed intervenor was aware of the case and "could and should have intervened in the proceedings earlier"); *United States v. State of Wash.,* 86 F.3d 1499, 1503 (9th Cir. 1996) (denying motion to intervene after Court's memorandum of opinion as untimely); *Calvert v. Huckins*, 109 F.3d 636, 638 (9th Cir. 1997) (explaining "postjudgment intervention is generally disfavored").

   Proposed Intervenors have identified no such unusual circumstances here. Instead, they argue that the Motion is timely because it was filed "the business day after" Defendant refused to commit to appealing, which is "the first business day on which the Legislative Leaders 'should have been aware [their] interests would no longer be protected adequately by the parties.'" (Mot. at 8 (citing *Bates v. Jones*, 127 F.3d 870, 873 (9th Cir. 1997).) But Defendant has since appealed, completely mooting the Motion. (Dkt. 320.)

1    Proposed Intervenors cite *Killingsworth* to argue that post-judgment motions to

2    intervene filed within the time limitations for filing an appeal can be timely. (Mot. at 7, 8.)

3    But in that case, as well as the other post-judgment cases that Proposed Intervenors cite, no

4    party (other than intervenors) appealed. *See U.S. ex rel. Killingsworth v. Northrop Corp.*,

5    25 F.3d 715, 717 (9th Cir. 1994) (stipulated dismissal); *United Airlines, Inc. v. McDonald*,

6    432 U.S. 385, 390 (1977); *Ctr. for Biological Diversity v. United States Fish & Wildlife*

7    *Serv.*, No. CV-16-0527-TUC-BGM, 2018 WL 11352129, at *2 (D. Ariz. Nov. 15, 2018)

8    ("In light of the Government's decision not to appeal, there are no remaining parties to

9    represent Intervenor Applicant's members on appeal.") Those cases are thus fundamentally

10   different than this one. And, as discussed above, given Defendant's appeal, Proposed

11   Intervenors no longer have a basis to argue timeliness.

12   Moreover, in *Killingsworth*, the motion to intervene was filed only for the limited

13   purpose of appeal. *Killingsworth*, 25 F.3d at 719 (seeking to intervene for purposes of

14   appeal).[1] That is not what Proposed Intervenors seek here: they have already filed a motion

15   to stay and their own Answer. *See* (Dkts. 314, 316.)

16   ***Proposed Intervenors Believed Defendant Was Not Protecting Their Interests***

17   ***Months Ago.*** To determine whether a motion to intervene is timely, courts examine how

18   long a party took to seek intervention once it knew or had "reason to know," that their

19   interests "might be adversely affected by the outcome of the litigation." *Cal. Dep't of Toxic*

20   *Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1120 (9th Cir.

21   2002) (quoting *United States v. State of Or.*, 913 F.2d 576, 589 (9th Cir. 1990)).  Here,

22   Proposed Intervenors claim that they filed their motion "the business day after the date by

23   which they asked the Defendant to make a decision on whether to appeal." (Mot. at 7.)  But

24   that is simply not true.

---

25   [1] Proposed Intervenors also rely on *United Airlines, Inc. v. McDonald*. But this case
26   featured the distinct scenario in which a class member appealed denial of a motion for class
27   certification, and thus Plaintiff could "hardly contend that its ability to litigate the issue was
     unfairly prejudiced simply because an appeal on behalf of putative class members was
28   brought by one of their own, rather than by one of the original named plaintiffs." 432 U.S.
     at 394.

1       Proposed Intervenor's Motion makes clear that at least as early as "the permanent

2   injunction briefing" nearly eleven months ago, "it [was] clear that the Defendant will not

3   'undoubtedly make all of a proposed intervenor's arguments[.]'" (Mot. at 12.) Indeed, on

4   February 5, 2025, Proposed Intervenors moved to file an amicus curiae brief in support of

5   Defendant's Response to Plaintiffs' Motion for Permanent Injunction (Dkt. 289), which the

6   Court granted (Dkt. 292.)  In that motion, the Proposed Intervenors presented arguments

7   they believed had not been addressed in the prior Permanent Injunction briefing. *See, e.g.*,

8   (Dkt. 289 at 4.) Proposed Intervenors were aware at that time of the specific arguments

9   Defendant did and did not raise in opposition to Plaintiffs' motion for a permanent

10  injunction. They did not move to intervene despite their belief that Defendant was not

11  pushing several important legal arguments. Moreover, Proposed Intervenors claim that

12  Defendant "actively opposed the Legislative Leaders' requested remedy" and "disagreed

13  with [their] interpretation of key Supreme Court cases that govern the remedy analysis."

14  (Mot. at 13.) But this only further illustrates Proposed Intervenors' delay. Defendant filed

15  her supplemental response in part addressing Proposed Intervenors arguments on August

16  29, 2025.[2] Again, despite Defendant's purported "opposition" to some of Proposed

17  Intervenors' arguments, they *still* did not move to intervene.

18      Since that time, nothing in this case has changed other the Court's ruling on

19  Plaintiffs' permanent injunction motion. But Proposed Intervenors cannot wait until the

20  litigation is resolved in a way they disagree with to intervene. *See Orange County v. Air

21  Cal.*, 799 F.2d 535, 538 (9th Cir. 1986) (upholding denial as untimely where a proposed

22  intervenor "should have realized that the litigation might be resolved" in a way that affected

23  their interests); *Chamness v. Bowen*, 722 F.3d 1110, 1121–22 (9th Cir. 2013) (denying

24  motion as untimely where prospective intervenor waited approximately one month after

25

26

---

27  [2] Plaintiffs' do not agree with Proposed Intervenors' characterization of Defendant's
    arguments in opposition to Plaintiffs' Permanent Injunction Motion or Defendant's
28  Supplemental Briefing in response to the same. (Dkts. 287, 308.)

PLAINTIFFS' OPPOSITION TO
MOTION TO INTERVENE
CASE NO. 4:20-CV-00484-JAS

learning his interests may be affected). Proposed Intervenors' own actions demonstrate that they have delayed too long to intervene now.

Plaintiffs will be prejudiced by Proposed Intervenors achieving intervention in this litigation post-judgment. Proposed Intervenors have moved to extend the time to appeal, and will move for a stay pending appeal, demonstrating the further delays intervention will cause. And in the event Proposed Intervenor's stay motion is granted, Plaintiffs will be severely prejudiced by this further delay. Further, Proposed Intervenors have filed an Answer that conflicts with the Answer already filed in this case. *Compare* (Dkt. 102) *with* (Dkt. 314-1.) This comes after the close of discovery, when Plaintiffs have no opportunity to challenge the pleading.

Finally, "a party's seeking to intervene merely to attack or thwart a remedy rather than participate in the future administration of the remedy is disfavored." *Alisal Water Corp.*, 370 F.3d at 922 (citing *United States v. State of Or.,* 913 F.2d 576, 588 (9th Cir. 1990)). Here, Proposed Intervenors seek to intervene to contest the injunctive relief remedy. Because the Motion was not timely, this Court need not reach any of the remaining elements of Rule 24. *See Chevron*, 335 F.R.D. at 322.

## B. The Existing Defendant Has Adequately Represented the Proposed Intervenors' Purported Interests and Will Continue to Do So.

The Proposed Intervenors fail to show that the Defendant does not adequately represent their interests. They contend that their interests will not be adequately represented, regardless of whether the Defendant appeals, because the Defendant has not, and will not, raise their preferred arguments, which they characterize as "a substantially divergent … defense of the statute." (Mot. at 11-13.) That is legally insufficient.

### i. Proposed Intervenors' Interests are Adequately Represented through the Defendant's Appeal.

Proposed Intervenors' argument that their interests are not adequately represented if Defendant does not appeal is moot. Defendant filed her appeal on October 30, 2025. (Dkt. No. 320). Courts in this District have consistently held that the Speaker and Senate President

1  are not entitled to intervene when the State is defending the challenged statutes, as is the

2  case here. *See Arizonans for Fair Elections v. Hobbs*, 335 F.R.D. 269, 275 (D. Ariz. 2020)

3  ("It is difficult to see how Proposed Intervenors' interest diverges from the State's, and the

4  State is already a party to this case. In other words, 'it is apparent that the ultimate objective'

5  of the Proposed Intervenors and the State is identical—'defending the constitutionality' of

6  state laws.") (quoting *Perry*, 587 F.3d at 951); *Miracle v. Hobbs*, 333 F.R.D. 151, 155 (D.

7  Ariz. 2019) (concluding that the Proposed Intervenors were not entitled to intervene in light

8  of the State's active defense of the law). The Proposed Intervenors' motion should be denied

9  on that basis.

10      ***ii.    Defendant Adequately Represents Proposed Intervenors' Interests.***

11      Proposed Intervenors fare no better with their argument that, even if Defendant

12  appealed, their interests would still not be adequately represented because Defendant will

13  not make all of Proposed Intervenors' arguments on appeal. Defendant has vigorously

14  defended the statute at every stage of this five year litigation and continues to do so,

15  including by noting her intent to revisit arguments made at summary judgment on appeal.

16  *See* (Dkt. 308 at 10); *see also Perry*, 587 F.3d at 951–52 (affirming denial of motion to

17  intervene where proposed intervenor shared the defendants' "ultimate objective" of

18  defending the challenged law and intervenors "failed to make a compelling showing" that

19  defendants "will not mount an adequate defense").

20      Moreover, Defendant has pushed the same core arguments that Proposed Intervenors

21  claim they want to present—including, arguments regarding the level of scrutiny the Court

22  should apply to Plaintiffs' Equal Protection Claim and the propriety of Plaintiffs' proposed

23  permanent injunction. The failure to push every nuance is not sufficient to show inadequate

24  representation. *See, e.g.*, *Perry*, 587 F.3d at 954 ("Although it appears that the Proponents

25  may not defend Prop. 8 in the exact manner that the Campaign would, the Campaign has

26  not shown that Proponents have conceded any "necessary elements to the proceeding.")

27  When deciding whether a party adequately represents a proposed intervenor's interests, the

28  "most important factor" is "how the intervenor's interest compares with the interests of

8.

existing parties." *Id.* at 950–51 (alterations omitted); *see also Arizonans for Fair Elections*, 335 F.R.D. at 275; *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). And when a party's "ultimate objective" is the same as a proposed intervenor's, the party's representation is presumed adequate. *Arakaki*, 324 F.3d at 1086. To rebut this presumption, an applicant must make a compelling showing of inadequate representation. *Arizonans for Fair Elections*, 335 F.R.D. at 275; *Arakaki*, 324 F.3d at 1086. A preference for different arguments or a mere difference in litigation strategy does not suffice. *See Perry*, 587 F.3d at 949 ("Divergence of tactics and litigation strategy is not tantamount to divergence over the ultimate objective of the suit."); *Arakaki*, 324 F.3d at 1086 (noting that "differences in litigation strategy do not normally justify intervention.").

Here, Defendant and the Proposed Intervenors' objective is and has been identical throughout the case: defending the constitutionality of A.R.S. § 36-337(A)(3). *See, e.g.*, (Dkts. 56, 230, 243, 287, 308); *see also Callahan v. Brookdale Senior Living Cmtys*, 42 F.4th 1013, 1021 (9th Cir. 2022) (finding objective identical where both plaintiff and proposed intervenor sought to obtain civil penalties on behalf of LWDA under PAGA). Proposed Intervenors claim that Defendant (1) "never sought nor intended to raise" their arguments including on the appropriate remedy, legislative intent, and the impact of *United States v. Skrmetti*, 605 U.S. 495 (2025), on Plaintiffs' Equal Protection Challenge,[3] (2) limited her argument to disputes over the proposed injunctive language; and (3) "opposed" Proposed Intervenors' "requested remedy" in her supplemental briefing. *See* (Mot. at 13.)

Proposed Intervenors neither identify the specific arguments they intend to raise nor explain how those arguments materially differ from those already advanced by Defendant

---

[3]As previously discussed, arguments relevant to legislative intent and the appropriate remedy have been raised vigorously and repeatedly by Defendant over the course of this action, yet the Proposed Intervenors did not attempt to intervene at the time those arguments were made. *See, e.g.*, (Dkts. 230, 231, 243, 287, 308.) Only now that Proposed Intervenors do not like the outcome of this case do they take issue with arguments Defendant has made over the past five-years.

throughout this litigation.[4] Additionally, Proposed Intervenors ignore that they have already raised, and the Court has already considered each of these arguments in conjunction with Plaintiffs' Motion for Permanent Injunction and Final Judgment earlier this year. *See* (Dkt. 310 (Considering Proposed Intervenors' amicus curiae brief, including arguments regarding legislative intent, the appropriate injunctive language, and Proposed Intervenors' request to reconsider summary judgment in light of *United States v. Skrmetti* and finding their arguments unpersuasive.)) With the benefit of hindsight, the Proposed Intervenors may disagree with the way Defendant litigated the action, but these arguments amount to "[m]ere differences in litigation strategy" and "are not enough to justify intervention as a matter of right." *Perry*, 587 F.3d at 954 (internal citation and quotations omitted).

This case is unlike those in which Courts have allowed legislative leaders to intervene only because no other state official was defending the challenged statute. *See e.g. Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179 (2022). Unlike *Berger*, "this *is* the case where the interests of the existing party overlap fully with the interests of the proposed intervenor." *United States v. Idaho*, No. 1:22-cv-00329, 2023 WL 1767387, at *3 (D. Idaho Feb. 3, 2023) (emphasis in original) (rejecting Legislature's motion to intervene as of right following *Berger*). As the Ninth Circuit has made clear, the requirement that a proposed intervenor make a "compelling showing of inadequate representation . . . remains on firm legal footing after *Berger*" when the intervenor shares the same interest as an existing party. *Callahan*, 42 F.4th at 1021 n.5. The Proposed Intervenors cannot make that showing here.

### iii.    *Proposed Intervenors Do Not Offer Any Necessary Elements to the Proceeding that Defendant Would Neglect*

Proposed Intervenors' claim that they "will bring 'necessary elements to the proceeding that other parties would neglect'" because (1) they intended to raise and pursue "a substantially divergent … defense" by arguing on appeal that the "Court's Equal

---

[4] In fact, were Proposed Intervenors to be believed, they have conceded in this Motion that their interests only diverged from Defendant's when Defendant would not commit to filing a notice of appeal, which she has now done. (Mot. at 8.)

Protection analysis is incorrect under *Skrmetti* and related authorities" and (2) Defendant disagrees that *Skrmetti* applies. (Mot. at 13). But Proposed Intervenors ignore that the Defendant has put forth a robust defense of Plaintiffs' Equal Protection claim throughout the case. *See, e.g.,* (Dkt. 308 at 9-10 ("to the extent *Skrmetti* can be read to suggest that lower courts should assess whether laws impacting transgender persons classify based on 'medical use' rather than sex or transgender status, Defendant already made those arguments in her summary judgment briefing."); *see also* Dkt. 56 (arguing that Plaintiffs' Equal Protection claim should be dismissed); Dkt. 230 (arguing that the laws do not discriminate based on sex or transgender status and thus heightened scrutiny does not apply, and that the legislative history shows intent to benefit transgender individuals rather than discriminate); Dkt. 243 (similar); Dkt. 287 (arguing that Plaintiffs' have failed to propose an adequate remedy.)) That Defendant has utilized different legal support for her arguments amounts to at most a difference in litigation strategy. *See Arakaki,* 324 F.3d at 1086 ("Where parties share the same ultimate objective, differences in litigation strategy do not normally justify intervention.").

Further, to the extent Proposed Intervenors attempt to use Defendant's lack of reliance on *Skrmetti* in connection with her summary judgment briefing to argue there was a difference of objectives between the Defendant and the Proposed Intervenors, that is false. *Skrmetti* was not published until June of this year and was unavailable during summary judgment briefing.[5] This is not the kind of compelling evidence of inadequate representation required to overcome the presumption of adequacy. *See Perry,* 587 F.3d at 954 ("Although it appears that the Proponents may not defend Prop. 8 in the exact manner that the Campaign would, the Campaign has not shown that Proponents have conceded any 'necessary elements to the proceeding.'"); *Puget Soundkeeper All. v. U.S. Envtl. Prot. Agency*, 314 F.R.D. 516, 520 (W.D. Wa. 2016) (conclusory assertions that Defendants may fail to represent proposed intervenor's interest "do not constitute the requisite compelling showing

---

[5] Plaintiffs agree with the Court that *Skrmetti* is "distinguishable and inapplicable to the circumstances in this particular case." (Dkt. 310 at 3, n. 4.)

that Defendants may fail to represent NWPPA's interests in this action."). Proposed Intervenors have failed to show inadequate representation.

### C. Proposed Intervenors Lack Any Significant Protectable Interest That Would Be Impaired Without Their Participation.

The Proposed Intervenors have also failed to show that they have a significant protectable interest in this litigation that would be impaired absent their participation. Proposed Intervenors rely primarily on A.R.S. § 12-1841 to support their argument. However, that statute "does not confer blanket authority upon Proposed Intervenors to defend the constitutionality of a state law—particularly where the [State] is already defending the law." *Miracle*, 333 F.R.D. at 155. "Simply stating that [A.R.S. § 12-1841] 'confers upon them the interest in upholding the constitutionality of Arizona laws' does not establish that they are 'so situated that the disposition of the action may as a practical matter impair or impede [their] ability to protect that interest.'" *Id.* "To be sure, this state policy does not supersede Rule 24(a)'s requirements, which is why this Court has previously denied intervention where, for example, the state legislative leaders' interests were adequately represented by other parties." *Isaacson v. Mayes*, No. CV-21-01417-PHX-DLR, 2023 WL 2403519, at *1 (D. Ariz. Mar. 8, 2023). That is the case here, and Proposed Intervenors cannot escape the requirements of Rule 24.

To support their argument, Plaintiffs cite the decision in *Mi Familia Vota v. Fontes*, 2:22-cv-00509-SRB, (D. Ariz. Apr. 26, 2023) (Dkt. 363). (Mot at 9.) But the parties in that case did not oppose the motion to intervene, a starkly different situation than here. The court in that case issued a two-paragraph order acknowledging the non-opposition and granting the motion. It provides no guidance for this case.

### D. Proposed Intervenors' Standing Argument Is Moot.

Proposed Intervenors argue that they "have standing to appeal in the event that no party appeals." (Mot. at 13.) But Defendant has appealed. (Dkt. 320.) Proposed Intervenors' entire argument is thus moot. And because Proposed Intervenors lack a significant protectable interest that would allow them to intervene under Rule 24, as

12.

discussed above, "[i]t necessarily follows that they lack Article III standing to appeal." *Perry v. Schwarzenegger*, 630 F.3d 898, 906 (9th Cir. 2011). The Motion must be denied on this basis as well.

## IV.    THE COURT SHOULD DENY PERMISSIVE INTERVENTION

Proposed Intervenors should also be denied permissive intervention. Again, timeliness is a threshold requirement. *Callahan*, 42 F.4th at 1022 (citing Fed. R. Civ. P. 24(b)). The Motion is not timely for the reasons stated above. Permissive intervention therefore must be denied.

The Court may also consider "whether the intervenors' interests are adequately represented by other parties . . . and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Callahan*, 42 F.4th at 1022. Defendant has and will continue to defend the law on behalf of the State, as her actions to date demonstrate, and courts in this District have declined to allow legislators to intervene by permission when the State intends to defend the challenged law. *See Arizonans for Fair Elections*, 335 F.R.D. at 276 ("Proposed Intervenors' interests align with the State's, and the Court doesn't see how Proposed Intervenors can more adequately defend state laws than the State itself. In the same vein, Proposed Intervenors' participation is unnecessary to the full development of this case."); *see also Miracle*, 333 F.R.D. at 156 (denying permissive intervention for similar reasons). The Court should accordingly deny permissive intervention.

## V.    CONCLUSION

For the foregoing reasons Plaintiffs respectfully request that the Court deny Proposed Intervenors' Motion to Intervene.

1

2    Dated: November 10, 2025                  COOLEY LLP

3

4                                      /s/ *Kyle C. Wong*
                                      Kyle C. Wong (*Pro Hac Vice*)
                                      COOLEY LLP

5                                      3 Embarcadero Center, 20th Floor
                                      San Francisco, California 94111-4004

6                                      Telephone: (415) 693-2000
                                      Facsimile:  (415) 693-2222

7                                      Email:      kwong@cooley.com

8                                      Patrick Hayden (*Pro Hac Vice*)
                                      COOLEY LLP

9                                      55 Hudson Yards
                                      New York, New York 10001-2157

10                                    Telephone: (212) 479-6000
                                    Facsimile: (212) 479-6275

11                                    Email:      phayden@cooley.com

12                                    Jessica L. Taylor (*Pro Hac Vice*)
                                      COOLEY LLP

13                                    10265 Science Center Drive
                                    San Diego, California 92121-1909

14                                    Telephone: (858) 550-6000
                                    Facsimile:  (858) 550-6420

15                                    Email:      jtaylor@cooley.com

16                                    Mary O'Grady (011434)
                                    Colin M. Proksel (034133)

17                                    Payslie M. Bowman (035418)
                                    OSBORN MALEDON, P.A.

18                                    2929 North Central Avenue, 21st Floor
                                    Phoenix, Arizona 85012-2793

19                                    Telephone:  (602) 640-9000
                                    Facsimile:  (602) 640-9050

20                                    Email:      mogrady@omlaw.com
                                    Email:      cproksel@omlaw.com

21                                    Email:      pbowman@omlaw.com

22                                    Rachel Berg (*Pro Hac Vice*)
                                    NATIONAL CENTER FOR LGBTQ
                                    RIGHTS

23                                    870 Market Street, Suite 370
                                    San Francisco, California 94102

24                                    Telephone:  (415) 343-7679
                                    Facsimile:  (415) 392-8442

25                                    Email:      rberg@nclrights.org

26

27                                    *Attorneys for Plaintiffs and the Class*

28