1
2
3
4
5
6
7
8
9
10
11
12
13
14

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Helen Roe, et al.,

          Plaintiffs,

v.

Deborah Johnston, et al.

          Defendants.

No. CV-20-00484-TUC-JAS

**CASE MANAGEMENT ORDER**

15
16
17
18
19
20
21
22

    A review of the record reflects that the permanent injunction in this case is set to go into effect on January 28, 2026. The record also reflects that Intervenors have a pending motion to stay the permanent injunction that will not be fully briefed until February 20, 2026. The Court expects to rule expeditiously on the motion to stay the permanent injunction (i.e., likely in less than 30 days). In light of the foregoing, the Court finds that the best course of action in managing this case is to temporarily stay the permanent injunction until after the Court rules on the underlying motion to stay the permanent injunction.

23
    Accordingly, IT IS ORDERED as follows:

24
25
26
27
    (1) The permanent injunction is temporarily stayed from going into effect until after the Court rules on the motion to stay the permanent injunction. The Court will set a new deadline for the permanent injunction and a status conference related thereto (if applicable) after ruling on the motion to stay the permanent injunction.

28
    (2) The status conference set for February 10, 2026 to discuss the permanent

injunction is vacated.[1]

Dated this 21st day of January, 2026.


Honorable James A. Soto
United States District Judge

---

[1] Intervenors' motion relating to temporarily staying the permanent injunction from going into effect is granted to the extent it is consistent with this case management Order. *See* Docs. 344, 345, 346. The Court's case management Order does not reflect any opinion on the merits of the underlying motion to stay the permanent injunction.