**KRISTIN K. MAYES**
**Attorney General**
(Firm State Bar No. 14000)

Patricia Cracchiolo LaMagna (Bar No. 021880)
Kelly L. Soldati (Bar No. 036727)
Assistant Attorneys General
Education and Health Section
2005 N. Central Avenue
Phoenix, Arizona 85004
Tel.: (602) 542-1610
Fax: (602) 364-0700
EducationHealth@azag.gov

Nathan T. Arrowsmith (Bar No. 031165)
Lauren A. Watford (Bar No. 037346)
Office of the Arizona Attorney General
2005 North Central Avenue
Phoenix, Arizona 85004-1592
(602) 542-3333
Nathan.Arrowsmith@azag.gov
Lauren.Watford@azag.gov
ACL@azag.gov

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Helen Roe, a minor, by and through her parent and next friend Megan Roe; et al., <br><br> Plaintiffs, <br><br> v. <br><br> Deborah Johnston, in her official capacity as State Registrar of Vital Records and Interim Director of the Arizona Department of Health Services, <br><br> Defendant. | No. 4:20-cv-00484-JAS <br><br> **DEFENDANT'S RESPONSE TO INTERVENORS' MOTION FOR STAY PENDING APPEAL** |

Intervenor-Defendants Arizona Senate President Warren Petersen and Arizona House Speaker Steve Montenegro have filed a motion for a stay pending appeal. Doc. 316. Defendant Deborah Johnston believes a stay pending appeal is warranted for the reasons outlined in her Motion for Stay Pending Appeal and Administrative Stay filed with the Ninth Circuit. *See Roe v. Johnston*, No. 25-6970, Dkt. 4, also attached as **Exhibit A**. The Court should stay its permanent injunction (Doc. 310) pending appeal for the reasons set forth in Defendant's motion to stay.[1]

To briefly summarize, Defendant is likely to prevail on appeal because the Court erred in its analysis of A.R.S. § 36-337(A)(3) and Ariz. Admin. Code R9-19-208(O). Ex. A at 4-7. Properly interpreted, neither provision classifies based on sex or transgender status or deprives anyone of a fundamental right. *Id.* at 11-18. Further, the Court's injunction does not comply with Rule 65 and impermissibly rewrites both the statute and the rule. *Id.* at 7-10. Defendant will be irreparably harmed by the Court's permanent injunction because "any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers) (citation omitted). Plaintiffs will not be prejudiced by a stay pending appeal because a stay will simply maintain the status quo. What is more, Defendant anticipates that her appeal will be resolved quickly. The Ninth Circuit has notified the parties that the appeal is being considered for oral argument in Phoenix between April 13-17, and the court recently expedited the briefing schedule to ensure the case is ready for argument by those dates. *Roe v. Johnston*, No. 25-6970, Dkt. 017 (notice of consideration for oral argument), attached as **Exhibit B**; Dkt. 020 (order consolidating appeals and accelerating briefing), attached as **Exhibit C**. All parties will benefit from finality before any permanent injunction takes effect.

The Court should stay its permanent injunction pending appeal.

---

[1] Defendant preemptively asked the Court to stay its permanent injunction. Doc. 308 at 12. The Court denied that request. Doc. 310 at 8, n.7.

1

RESPECTFULLY SUBMITTED this 30th day of January, 2026.

**KRISTIN K. MAYES**
**ATTORNEY GENERAL**

By /s/ *Nathan T. Arrowsmith*
    Patricia Cracchiolo LaMagna
    Kelly L. Soldati
    Assistant Attorneys General
    Education and Health Section
    2005 N. Central Avenue
    Phoenix, Arizona 85004

    Nathan T. Arrowsmith
    Lauren A. Watford
    Office of the Arizona Attorney General
    2005 North Central Avenue
    Phoenix, Arizona 85004-1592

*Attorneys for Defendant*