IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Helen Roe, a minor, by and through her parent and next friend Megan Roe; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Deborah Johnston, in her official capacity as State Registrar of Vital Records and Director of the Arizona Department of Health Services,<br><br>Defendant,<br><br>Warren Peterson, in his official capacity as President of the Arizona State Senate, and Steve Montenegro, in his official capacity as Speaker of the Arizona House of Representatives,<br><br>Intervenor-Defendants. | No. CV-20-00484-TUC-JAS<br><br>**ORDER** |

Pending before the Court is Intervenors "Motion for a Stay Pending Appeal and Request for an Administrative Stay." The Court has reviewed the pertinent briefing, record and authority; the motion to stay is denied.[1]

As emphasized by the Ninth Circuit, a stay pending appeal is an "extraordinary remedy."[2] *United States v. Mitchell*, 971 F.3d 993, 999 (9th Cir. 2020). To obtain this

---

[1] As the briefing is adequate and oral argument will not help in resolving this matter, oral arguments are not being held as to the motion to stay. *See Mahon v. Credit Bureau of Placer County, Inc.*, 171 F.3d 1197, 1200-1201 (9th Cir. 1999).

[2] Unless otherwise noted by the Court, internal quotes and citations have been omitted

1  "extraordinary remedy," the Court considers: "(1) whether the stay applicant has made a
2  strong showing that he is likely to succeed on the merits; (2) whether the applicant will be
3  irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure
4  the other parties interested in the proceeding; and (4) where the public interest lies . . . The
5  party seeking the stay bears the burden of showing that these factors favor a stay . . . The
6  first two factors . . . are the most critical, and the mere possibility of success or irreparable
7  injury is insufficient to satisfy them. As to irreparable harm . . . the movant must
8  demonstrate that irreparable harm is probable—as opposed to merely possible—if the stay
9  is not granted; that is, irreparable harm must be the more probable or likely outcome . . .
10 We consider the final two factors only [o]nce an applicant satisfies the first two." *Id.* at
11 996.

12  The issues that Intervenors raise in their motion to stay are issues that Defendants
13 have repeatedly and consistently raised in this case since this case was filed nearly six years
14 ago; the Arizona House and Senate have also raised these issues in *amici* briefing at the
15 permanent injunction stage in this case and numerous filings thereafter.  The Court has
16 already considered the issues raised by Intervenors and Defendants in one repackaged form
17 or another at the motion to dismiss stage of this case, the motion for summary judgment
18 stage of this this case, and the permanent injunction stage of this case; the Court has
19 continuously and repeatedly rejected Intervenors and Defendants positions on the merits
20 over the last six years, and finds that Intervenors and Defendants have not shown a
21 likelihood of success on the merits (the Court declines to rehash a discussion on the merits
22 that has been repeatedly considered and rejected by the Court over the last six years). *See*
23 *Mitchell*, 971 F.3d at 996, 999.  Likewise, the other three factors overlap with issues the
24 Court has already considered and found in favor of Plaintiffs, and the Court finds that
25 Intervenors and Defendants also have not met their burden as to the remaining three
26 factors.[3]

---

27 when citing authority throughout this Order.

28 [3] The Court notes that the only more recent development that has not been batted around the last six years of litigation in this case is *United States v. Skrmetti*, 605 U.S. 495 (2025)

Accordingly, IT IS HEREBYORDERED as follows:

(1) Intervenors' "Motion for a Stay Pending Appeal and Request for an Administrative Stay" are denied.[4]

(2) The permanent injunction in this case shall go into effect on April 30, 2026.[5]

Dated this 27th day of February, 2026.

Honorable James A. Soto
United States District Judge

---

which was issued on June 18, 2025. Defendants and Intervenors (previously *amici* in this case) already had a chance to argue the *Skrmetti* case before this Court, and the Court disagreed that it impacted this case. The Court notes, for example, that *Skrmetti* involved vastly different circumstances from this case inasmuch as *Skrmetti's* constitutional analysis was focused on a State's right to regulate "sex transition treatments" involving "hormonal sex reassignment" where medical authorities "recognized the extensive and sometimes **irreversible consequences** of hormonal therapy . . . and acknowledged that some individuals who undergo reassignment procedures later regret their decision to do so." *Id.* at 503-504 (emphasis added); *see also id.* at 504-506 (the Court emphasized the ongoing debate, uncertainty, efficacy, and potential irreversible consequences of hormonal sex reassignment in analyzing why States had the authority to properly regulate this hot button issue: "adverse effects on fertility . . . limited data on optimal timing [and the] long term physical, psychological, and neurodevelopmental outcomes . . ."). Unlike *Skrmetti*, this case solely involves changing a letter on a piece of paper from "F" to "M" (or vice versa); the switching of letters on a piece of paper is in fact reversible with recent advances in Bic's "Wite Out" technology, the search and replace button in Microsoft Word, and other technology such as artificial general intelligence.

[4]Intervenor's alternative request for an administrative stay is denied. As discussed by the parties in their briefing, the Court notes that Intervenor's have a fully briefed motion to stay pending before the Ninth Circuit and that oral arguments have been scheduled on the motion to stay.

[5] As necessary, the Court will set a status conference as to the permanent injunction after the litigation regarding the motion to stay before the Ninth Circuit has concluded.

- 3 -